In the Matter of the Arbitration between JOSE M. RIVERA, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, December 15, 1964.

202

*Robert G. Sheller* of counsel (*Morris L. Wolf* with him on the brief; *Robert G. Sheller,* attorney), for appellant.

*Harold M. Hershman* of counsel (*Hershman & Leicher,* attorneys), for respondent.

STEUER, J. Motor Vehicle Accident Indemnification Corporation (MVAIC) moved for a stay of arbitration in a situation which is becoming increasingly common. The facts are: Claimant, while driving his wife's automobile, was injured when there was a collision between that vehicle and a car owned by one Carter. It appears that on the day of the accident Carter had loaned his car to one Pereira. Pereira reported to Carter that the car had been stolen prior to the accident. This was reported to Carter's insurer, American Insurance Company (American) and it promptly notified Carter's broker by letter that there was no liability on its policy. Later Pereira changed his statement and admitted that he was driving the car at the time of the accident and that there had been no theft. American adhered to its original position.

In this situation claimant gave notice to MVAIC and demanded arbitration. MVAIC denied any liability on the ground that the Carter automobile was not an uninsured vehicle and that the position taken by American was merely that its insured was not liable for any consequences of the accident. While MVAIC's position is not well taken, it does point to a situation whereby

the purposes of the remedial legislation embraced in article 17-A and the amendments to section 167 of the Insurance Law are being frustrated. It would appear that the procedures provided therein do allow an insurer an avenue of escape or delay or reduction in the amount of its liability which was not contemplated by the Legislature and as to which remedial legislation might well be in order.

As to the position of MVAIC on this application, it should be pointed out that its liability arises from one of two different sources. The first is where an insured under a policy is injured. The second is where a person, not an insured, designated in the statute as a " qualified person " (Insurance Law, § 601) is injured. In the case of an insured, liability derives from an endorsement on the policy, which endorsement is required by statute (Insurance Law, § 167, subd. 2-a). That section gives an insured a right of recovery against MVAIC whenever he has been injured in one of several specified situations. The situations applicable here are where the insured would be entitled to recover from the operator of a " stolen vehicle " or the owner of " an insured motor vehicle where the insurer disclaims liability or denies coverage ". Some confusion has arisen from the use of the word " insurer " in the section to describe two different companies. The insurer whose policy must provide for the coverage described in subdivision 2-a of section 167 is the insurer of the person injured; the insurer who disclaims liability is the insurer of the automobile which caused the injury.

" To deny coverage is to take the position that for some reason or other the policy does not encompass the particular accident." (*Uline* v. *Motor Vehicle Acc. Ind. Corp.*, 28 Misc 2d 1002, 1005.) This definition, which we believe accurate, is urged upon us by both parties to this controversy. In the case of a " qualified person " whose rights accrue by virtue of statute rather than endorsement or provision of the policy, the right to claim against MVAIC is limited to a denial of coverage " because of some act or omission of the person or persons liable or alleged to be liable " (Insurance Law, § 608, subd. [c]). Whether this creates a difference in result is not necessary to determine on this application, as here the claimant is an insured and as to him there has been an undoubted denial of coverage.

It is true that MVAIC disputes whether in fact the letter from American appearing in the record is a disclaimer. In this connection the dispute is not due to the addressing of the letter to the broker rather than the insured, or failing to give notice to the claimant. Presumably all parties actually had notice, and we are led to believe from the fact that no question is raised

on this score that this would be substantiated. Rather, the claim is that the letter is merely a statement that the insured has a good defense. Naturally, such a statement is not a disclaimer. We find that this communication was intended to be a disclaimer on the ground of denial of coverage. If it were otherwise, there would have been no occasion for the letter at all. Under these circumstances we conclude that the letter was meant to convey that American regarded itself free of any liability for the consequences of the accident, regardless of what or who caused it.

This situation gives claimant a right to arbitration. Special Term's opinion in denying the application for a stay stated that any question as to coverage was for the arbitrators. This is erroneous. In the first place, under the endorsement there is no question. The policy provision makes no distinction between a disclaimer which is well founded and one which is not. Nor is any method provided for testing this question in advance of the arbitration. If there were any question, it would be for the court and not the arbitrators. The competency of the arbitrators under an MVAIC arbitration is limited to the questions of liability and damage (*Matter of Rosenbaum [Amer. Sur. Co. of N. Y.]*, 11 N Y 2d 310, 314). Any issue as to disclaimer or denial of coverage if one is presented is one on which the right to arbitration depends and must be resolved as a condition to arbitration.

We now come to the situation which will result. Provided claimant establishes that his injuries were caused by the fault of the driver of the Carter car, he will be entitled to an award to compensate him for those damages up to $10,000. The award will be paid by MVAIC. It will be a matter of no moment on the arbitration whether the Carter car was being operated at the time with or without the owner's permission. Of course, it will be competent for MVAIC as subrogee to institute an action against American if it can establish that claimant had in fact a valid claim against American's insured so that the denial of coverage was improperly asserted. Even if the facts would not substantiate the denial of coverage, American has gained several advantages from its denial. If the claimant's damages are small, MVAIC may deem it economically inadvisable to pursue its remedy. If the damages exceed the $10,000 limitation, the claimant may be barred by limitations from pursuing any remedy for the excess, or he may just not take the trouble. In any event, its day of reckoning has been postponed and it will have the additional advantage of advance knowledge of whatever proof may have been adduced on the arbitration. It is not

surprising that under these circumstances there has been a noticeable increase in disclaimers. The result is an undue burden on the remedial agency and, to an extent, on the claimants that the legislation was designed to protect. The burden would be obviated by providing machinery for the expeditious disposition of the question raised in advance of arbitration.

Order affirmed, with costs.

BREITEL, J. P., VALENTE, McNALLY and EAGER, JJ., concur.

Order, entered on October 1, 1964, unanimously affirmed, with $30 costs and disbursements to the respondent.