AGNES FLADERER, Respondent, *v.* HUBERT NEEDLEMAN, Respondent.
AGNES FLADERER, Third-Party Plaintiff-Respondent, *v.* HENRY B. WHITBECK, Third-Party Defendant-Appellant.

Third Department, July 22, 1968.

372

*Walter L. Bellcourt* for third-party defendant-appellant.

*Jacob L. Wildove* for Hubert Needleman, respondent.

*Medwin & McMahon* (*Edward A. McMahon* of counsel), for third-party plaintiff-respondent.

GIBSON, P. J.   The third-party defendant appeals from so much of an order of the Supreme Court at Special Term as granted third-party plaintiff's motion to strike out the defense of the three-year Statute of Limitations (CPLR 214) interposed by third-party defendant's answer to an alleged cause of action for indemnification predicated on third-party defendant's malpractice in connection with a title examination.

The complaint in the primary action alleges the making of a contract for the sale by plaintiff to defendant of certain realty and defendant's subsequent repudiation thereof and demands judgment for the liquidated damages fixed by the contract.   The answer contains certain denials as well as a counterclaim which alleges that plaintiff's title was unmarketable because of an outstanding one-third interest not acquired by plaintiff and demands the return of defendant's deposit and the recovery of liquidated damages.   The third-party complaint, so far as here pertinent, alleges that the third-party

defendant, a lawyer retained by third-party plaintiff, negligently and carelessly examined the title to the realty involved and failed to discover and disclose the title defect constituted by the outstanding one-third interest; and further alleges that any recovery on the counterclaim " will have been caused and brought about " by third-party defendant's negligence and " affirmative wrongdoing " and without " affirmative negligence " on third-party plaintiff's part, whereby " third-party defendant is primarily liable for any injuries or damages that were or will be sustained by the plaintiff third-party plaintiff and the third-party defendant is required to indemnify the third-party plaintiff ". In granting the motion to strike out the defense of the three-year Statute of Limitations interposed by third-party defendant's answer, Special Term held that " in the case of an alleged tort, for which indemnity is sought, the action accrues not at the time of the commission of the tort for which indemnity is sought, but at the time of the payment of the judgment, and this rule applies to third-party complaints. "

It is clear enough that third-party plaintiff's standard causes of action, in contract and in negligence-malpractice against her lawyer, the third-party defendant, are barred by the six-year and the three-year Statutes of Limitation, respectively (CPLR 213, 214); and that she can succeed only if she can demonstrate an implied agreement of indemnity subsisting between the lawyer and herself. If the action against her were in negligence, such a relationship might perhaps be constructed on the basis of the allegations of the counterclaim; but the difficulty is that the counterclaim is not in negligence and in this case, therefore, it is irrelevant to the relationship between the third parties.

We look then to the law of implied indemnity generally. " Indemnity implies a primary or basic liability in one person, although a second is also liable with the first to a third; and a discharge of the obligation by the second person leaves him with a right to secure compensation from the one who, as between themselves, is primarily liable, the obligation being based altogether on the law's notion of what is fair and proper between the parties. " (42 C. J. S., Indemnity, § 2, p. 565.) The concept of the indemnitor as " primarily liable " to the third person is crucial. Here, no such liability is claimed and none exists. The lawyer is in no way liable to the contract vendee; and, additionally, the liability asserted by the counterclaim rests on a basis entirely different from that of the liability asserted by the third-party complaint. The counterclaim alleges breach of the vendor's contract to convey marketable title,

this by reason of a title defect; the third-party complaint alleges negligence, but the negligence of the lawyer did not cause or create the title defect, which pre-existed his examination of the title, nor did the contract vendee reject the title by reason of any act or omission of the vendor's lawyer, but solely because of the deficiency in the vendor's ownership. Unless we are prepared to say that a lawyer in every case such as this becomes an insurer of the title, with no temporal limitation upon his liability; or, indeed, that every rendering of legal advice implies the advisor's liability as an indemnitor; then, it cannot be said that any rights accrued to third-party plaintiff as against her lawyer except the ordinary remedies in contract and in tort, as against which the applicable Statutes of Limitation (CPLR 213, 214) have run.

It thus incontrovertibly appearing from the pleadings that the third-party plaintiff was relegated to the conventional direct remedies and that no basis for indemnification exists, it follows that the cases of *Musco* v. *Conte* (22 A D 2d 121) and *Corbetta Constr. Co.* v. *Driscoll Co.* (17 AD 2d 176), relied upon for affirmance, have no application, each involving a recognized right of indemnification.

We prefer to base reversal upon the general and perhaps basic grounds hereinbefore outlined, without recourse to the more restrictive rules appellant would apply upon testing the validity of third-party complaints generally. The circumstance that in this or some other case the basis of a claimed right to indemnity may not be found in the allegations of the main complaint, does not necessarily conclude the search for such a right or preclude the possibility of its creation and viability on some other basis existent elsewhere. The right to impleader is not, in every case, dictated by the allegations of the primary pleading; not every impleader involves a personal injury situation and we should not be sidetracked by the passive negligence-active negligence rule applicable in such cases. Impleader possibilities under the broad provisions of CPLR 1007 are numerous, and concepts attendant to this procedural device are constantly expanding; and we ought not to confine this highly salutary practice by assuming the rigid position that whenever negligence is in the picture the right to impleader can be sought only in the allegations of the main complaint. Rather, we must look to see whether there exists a viable cause of action — be it in negligence, warranty, contract, restitution or something else — sufficiently and appropriately linked to the basis of the initial liability asserted against third-party plaintiff to warrant judgment over. Here, as it happens, third-party plaintiff is

reduced to her claim of a cause of action for implied indemnity which, in our view, has no sound basis, not merely because of the failure to demonstrate an active-passive negligence situation but because in this case the contract vendor and her former lawyer occupy no common basis of liability to the contract vendee.

The order, insofar as appealed from, should be reversed, on the law, and the motion denied, with $10 costs.

HERLIHY, J. (concurring). We are not here concerned with the right of the third-party plaintiff to implead the third-party defendant, but instead we are solely concerned with whether or not the third-party complaint shows a right to indemnity as a result of the third-party defendant's negligence.

A prime requisite of an indemnity cause of action based on a negligent act is that the party seeking to assert it must have suffered damages or be about to suffer damages from a third-party action based on injury suffered from the negligent act of the alleged indemnitor. (See, generally, *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *Satta* v. *City of New York*, 272 App. Div. 782; *Musco* v. *Conte*, 22 A D 2d 121.) Of course, a negligent act might also furnish the basis of an indemnity cause of action based on an express or implied contractual agreement of indemnity. (See, generally, *Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253, 257; *Corbetta Constr. Co.* v. *Driscoll Co.*, 17 A D 2d 176.) In the present case the question of a contractual agreement of indemnity is not before us, as the sole issue here relates to the cause of action based on negligence. The present record establishes that the defendant Needleman is not seeking any damages from the third-party plaintiff Fladerer based on negligence or based on any injury suffered by him resulting from the alleged negligent act of the third-party defendant, but is seeking recovery solely on a contract. Upon the present record, Needleman would have no cause of action against the third-party defendant. In accordance with the foregoing, the order striking the defense of the Statute of Limitations as to negligence cannot be sustained on the theory that the third-party plaintiff has pleaded a right to indemnity based on the alleged negligent act of the third-party defendant.

While it may appear at first blush that the equities are with the respondent Fladerer as to Whitbeck, further consideration of the present posture of the action convinces me that such is not the fact.

I do not agree with the conclusion in the lead opinion that an attorney might not become an insurer of the title, but as noted before, the first cause of action is not before us. This

concurrence is limited solely to the issue of the pleading of the Statute of Limitations as to negligence.

REYNOLDS, AULISI and STALEY, JR., JJ., concur with GIBSON, P. J.; HERLIHY, J. concurs in the result in an opinion.

Order, insofar as appealed from, reversed, on the law, and motion denied, with $10 costs.