■ C. WILLIAM SEXSTONE et al., Appellants, v. CITY OF ROCHESTER et al., Respondents.— Judgment and order dismissing complaint as to defendant city unanimously reversed and motion denied, and order granting motion to dismiss as to defendant Hanford unanimously affirmed, all without costs. Memorandum: The complaint against the city stated a cause of action for negligence against the city. The issuance by it of a certificate of occupancy for a building with violations would be a violation of subdivision 3 of section 302 of the Multiple Residence Law. It should have been obvious to the city that in view of subdivision 5 of section 302 of the Multiple Residence Law the certificate would be relied on by one purchasing the property. Since there was a duty to issue the certificate in a careful manner with knowledge that the plaintiffs would rely thereon, the city should be liable for the negligent issuance, if such was the case. (*Glanzer* v. *Shepard*, 233 N. Y. 236; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170.) This act did not involve discretion, and the municipality is liable for its wrongful action in issuing it. (*Bernardine* v. *City of New York*, 294 N. Y. 361, 365.) The filing of the notice of claim was timely under sections 50-e and 50-i of the General Municipal Law, as it was within 90 days after the violations were discovered. The running of the 90-day period should be measured not from the time of the negligent act but from the date the negligent act produced injury to the plaintiffs. (*Konar* v. *Munro Muffler Shops of Rochester*, 28 A D 2d 642; *Durant* v. *Grange Silo Co.*, 12 A D 2d 694.) (Appeal from judgment and orders of Monroe County Court dismissing complaint in action for damages for breach of warranty in sale of real property.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.