344

ROBERT A. GORDON et al., Appellants, v RICHARD A. HOLT et al., Defendants; CITY OF UTICA, Respondent.

ALLSTATE INSURANCE COMPANY, as Subrogee of ROBERT J. MARSHALL, et al., Appellants, v RICHARD HOLT et al., Defendants. ROBERT A. GORDON et al., Appellants; E. CHARLES DE TRAGLIA et al., Respondents. (Appeal No. 1.)

ROBERT A. GORDON et al., Appellants, v RICHARD A. HOLT et al., Defendants; GORDON R. BICE et al., as Copartners, Doing Business as BICE AND BAIRD, et al., Respondents.

ALLSTATE INSURANCE COMPANY, as Subrogee of ROBERT J. MARSHALL, et al., Appellants, v RICHARD HOLT et al., Defendants; KENNETH BAIRD, Respondent.

ROBERT A. GORDON et al., Appellants, v STIRLING BROTHERS, INC., et al., Defendants; HENRIETTA S. BAIRD, as Executrix and Trustee under the Will of J. KENNETH BAIRD, Deceased, et al., Respondents. (Appeal No. 2.)

WILLIAM H. BATEMAN, Appellant, v RICHARD HOLT et al., Defendants; KENNETH BAIRD, Doing Business as BICE AND BAIRD, et al., Respondents. (Appeal No. 3.)

WILLIAM SELF, Appellant, v RICHARD HOLT et al., Defendants; KENNETH BAIRD, Doing Business as BICE AND BAIRD, et al., Respondents. (Appeal No. 4.)

JUDY A. D'ORAZIO, Appellant, v RICHARD HOLT et al., Defendants; KENNETH BAIRD, Doing Business as BICE AND BAIRD, et al., Respondents. (Appeal No. 5.)

Fourth Department, January 25, 1979

346

## APPEARANCES OF COUNSEL

*Gwertzman & Pfeffer (Max Gwertzman* of counsel) *(Woods, Oviatt, Gilman, Sturman & Clarke,* by *Beryl Nusbaum* of counsel), for Robert Natapow and another, appellants in Appeals Nos. 1 and 2.

*Bouck, Holloway & Kiernan* for Allstate Insurance Company, appellant in Appeals Nos. 1 and 2. (No appearance.)

*Kernan & Kernan (Leighton R. Burns* of counsel), for William H. Bateman, appellant in Appeal No. 3 and William Self, appellant in Appeal No. 4.

*Carl J. Cochi* for Judy A. D'Orazio, appellant in Appeal No. 5.

*Lawrence P. George (Lyn H. Simon* of counsel), for City of Utica and others, respondents in Appeal No. 1.

*Sugarman, Wallace, Manheim & Schoenwald (Charles M. Manheim* of counsel), for Kenneth Baird and another, respondents in Appeals Nos. 2, 3, 4 and 5.

## OPINION OF THE COURT

CARDAMONE, J. P.

On May 26, 1973 the Southwind Terrace Apartments in Utica, New York were totally destroyed by fire. As a result of the fire 88 lawsuits were commenced. Among the named defendants are the present owners, former owners, builder, design architect, supervising architect, City of Utica and two

city employees. The cases were informally consolidated and an extensive examination before trial was held. Thereafter, summary judgments dismissing the complaints were granted in favor of the supervising architects, J. Kenneth Baird, Gordon R. Bice, copartners doing business as Bice & Baird, their employee, Robert Fitzsimmons, and the City of Utica and its employees, E. Charles De Traglia and Daniel Daniels, Jr. It is from these orders at Special Term that these appeals are taken.

Construction began on the Southwind Terrace Apartments in 1964. The mortgagee, Metropolitan Life Insuance Company, engaged the local architectual firm of Bice & Baird to make periodic inspections and report on the progress and quality of the contruction. The inspections were conducted by defendant Robert Fitzsimmons whose reports indicated that the construction was of good quality and conformed substantially to the plans and specifications. The complex was completed in 1965 and apartments were thereafter rented to tenants.

In 1972 plaintiffs Robert Gordon, Robert Natapow and Stephen Natapow became interested in purchasing Southwind Terrace and in the following January entered into a contract to purchase the complex from the owner, Georgian Courts of Utica, Inc. Apparently as a condition of the sale, Georgian Courts was required to furnish an updated certificate of occupancy. Even though E. Charles De Traglia, City of Utica Building Inspector, discovered major violations of the building code, a new certificate of occupancy was issued by the City of Utica on February 26, 1973. Southwind Terrace was transferred to Gordon and the Natapows by warranty deed dated February 27, 1973. Three months later Southwind Terrace was destroyed by fire.

Plaintiffs Gordon and the Natapows (Action No. 1), plaintiff Allstate Insurance Company, as subrogee of several tenants (Action No. 2) and third-party plaintiffs Gordon and the Natapows (Action No. 2) based their causes of action against Bice & Baird on the allegation that Bice & Baird wrongfully reported to Metropolitan Life Insurance Company that Southwind Terrace was properly constructed. The plaintiffs claim that such fraud or negligence was the cause of their losses.

■ Summary judgment dismissing the complaints against them was properly granted in favor of Bice & Baird. This architectural firm was engaged by Metropolitan to provide certain services. It had no contractual relationship with any of

the appealing plaintiffs. Although there are instances when a party to a contract may become liable to noncontracting third parties (see, e.g., *White v Guarente,* 43 NY2d 356), this is not such a case. It is apparent that these defendants were employed by Metropolitan solely for the purpose of protecting Metropolitan's security interest in the apartment building and that they owed no duty to an indeterminate class of persons such as future owners and tenants *(Ultramares Corp. v Touche,* 255 NY 170). It is also significant that Robert Gordon, Robert Natapow and Stephen Natapow admitted upon being examined before trial that they placed no reliance on the Bice & Baird reports. In view of those statements no action for fraud (see *Jo Ann Homes At Bellmore v Dworetz,* 25 NY2d 112) or negligent misrepresentation *(White v Guarente, supra)* will lie. Allstate based its claim against Bice & Baird on the mistaken belief that the architectual firm had been employed by Georgian Courts to supervise construction.

■ ■ Because there is not even an arguable relationship between Bice & Baird and any tenant in the Southwind complex or any subsequent purchaser of it, we can see no duty owed by the architects arising from reports submitted exclusively to Metropolitan which could support a cause of action against them by these plaintiffs *(Ventricelli v Kinney System Rent A Car,* 45 NY2d 950). Similarly, the cause of action for indemnity alleged by the Gordon group against the architects must be dismissed *(De Witt Props. v City of New York,* 44 NY2d 417, 427). Further, since New York does not recognize a cause of action based upon breach of an implied warranty where, as here, only economic loss is claimed and where the warranty arises from a contract for services, no such action is stated in the complaints *(Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389; *Milau Assoc. v North Ave. Dev. Corp.,* 42 NY2d 482; *Perlmutter v Beth David Hosp.,* 308 NY 100).

■ The claims against the City of Utica and its employees are based on the admitted fact that the city issued a certificate of occupancy for a building that did not comply with the provisions of the building code. The order granting summary judgment and dismissing the complaint of the owners must be reversed.

From the evidence presented at Special Term it is apparent that Georgian Court requested the city to issue a new certificate of occupancy for Southwind Terrace. Despite the fact that the city inspector found major violations of the building code,

including the failure to provide fire walls, the city issued the new certificate declaring, in effect, that Southwind Terrace "complie(d) substantially with the provisions of: the Building Code, the Zoning Ordinance, and/or the New York State Multiple Residence Law, and all other requirements of law and ordinance applicable thereto". The uncontested allegations by Gordon and the Natapows that, in deciding to purchase Southwind Terrace, they relied upon the truth of this "statement" by the city raise an issue of fact sufficient to defeat the city's motion for summary judgment. Although the city was under no duty to issue a certificate merely because Georgian Court requested it, once it voluntarily undertook to inspect with a view to issuing a certificate of occupancy, it was required to act with reasonable care *(Parvi v City of Kingston,* 41 NY2d 553, 559; *Marks v Nambil Realty Co.,* 245 NY 256, 258; see, *Sexstone v City of Rochester,* 32 AD2d 737). This is not to say, of course, that summary judgment should have been granted for these plaintiffs. It may well be revealed at trial that these plaintiffs did not, in fact, rely on the certificate or that their reliance was not reasonable or that their own negligence contributed to their loss, or, it may be shown at trial that the lack of fire walls was not the proximate cause of the plaintiff's loss.

■ Plaintiff Allstate has based its claim on the allegation that the city's negligent issuance of the certificate of occupancy and its negligent failure to enforce the building code caused its insured's losses. In order for the tenants (represented by Allstate as their subrogee) to state a cause of action against the city, it is first necessary to find that the city owes a duty to them. *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 342.)* Without a duty owed, there can be no breach from which liability may flow *(Kimbar v Estis,* 1 NY2d 399, 405). In essence, Allstate's claim is that the city negligently failed to enforce its building and fire code which is simply an assertion that the city failed to exercise its police powers to provide adequate protection to the tenants of Southwind Terrace.

■ ■ Generally, the duty to provide adequate police and fire protection is a duty owed to the public at large and not actionable by a specific individual *(Motyka v City of Amsterdam,* 15 NY2d 134; *Steitz v City of Beacon,* 295 NY 51). Unless a plaintiff can show that the defendant municipality owed him a "special duty" he cannot recover. This "special duty" may be created either by statute or by a course of action which the municipality is not required to take, but

which it voluntarily undertakes to perform and in so doing induces the plaintiff to rely on the municipality's duty to exercise reasonable care in its performance *(Florence v Goldberg,* 44 NY2d 189; *Zibbon v Town of Cheektowaga,* 51 AD2d 448). Therefore, to sustain this claim Allstate must show the existence and breach of a "special duty" owed by the city to the tenants of Southwind Terrace.

■ Allstate, however, can point to no "special duty" created by statute. The stated purpose of the Utica Building Code is to "establish reasonable safeguards for the safety, health and welfare of the occupiers and users of buildings" (Code of Ordinances of City of Utica, § 7-16[B]). This statute does no more than declare a general duty owed under its police power to the public at large. It is not intended to and does not create a "special duty" flowing from the city to specific tenants in a particular building *(Sanchez v Village of Liberty,* 42 NY2d 876, app dsmd on other grounds 44 NY2d 817). We do not believe that the city intended by the enactment of this city ordinance to undertake to protect these tenants personally for losses sustained in a fire. To construe this municipal ordinance in that fashion stretches it too far. Nor may Allstate recover on its claim that the city's course of action created a "special relationship" between the city and the tenants at Southwind Terrace because it does not allege that its insureds detrimentally relied on any act of the city. Since Allstate failed to raise an issue of fact concerning the existence of a "special duty" owed its subrogors, the city's motion for summary judgment was properly granted.

The order entered September 23, 1977 should be affirmed and the order entered January 19, 1978 should be modified in accordance with this opinion and, as modified, it should be affirmed.

DILLON, SCHNEPP and WITMER, JJ., concur. SIMONS, J., not participating.

Order in Appeal No. 1 unanimously modified to deny motion to dismiss the complaint as to plaintiff owners and, as modified, affirmed, without costs.

Order in Appeal No. 2 unanimously affirmed, without costs.

Order in Appeal No. 3 unanimously affirmed, without costs.

Order in Appeal No. 4 unanimously affirmed, without costs.

Order in Appeal No. 5 unanimously affirmed, without costs.