SEA INSURANCE COMPANY, LTD., Appellant, v U. S. FIRE INSURANCE COMPANY, Respondent.

Third Department, November 21, 1979

**APPEARANCES OF COUNSEL**

*Ainsworth, Sullivan, Tracy & Knauf (John E. Knauf* of counsel), for appellant.

*Wager, Taylor, Howd, Brearton & Kessler (James E. Brearton* of counsel), for respondent.

**OPINION OF THE COURT**

STALEY, JR., J.

On December 4, 1972, an automobile owned and operated by Virginia Pitcherale and insured by defendant U. S. Fire Insurance Company collided with an automobile owned and operated by Roberta M. Lyons and insured by plaintiff Sea Insurance Company. Thereafter, Roberta M. Lyons and her husband, Donald E. Lyons, commenced an action against Virginia Pitcherale to recover damages because of the injuries sustained by Roberta M. Lyons. During the course of action, a notice was served to take the deposition of Virginia Pitcherale. According to defendant, she had disappeared and could not be found, whereupon it disclaimed coverage under its policy, notifying the attorney for Mr. and Mrs. Lyons and the Sea Insurance Company.

Thereafter, arbitration proceedings were commenced by Mr. and Mrs. Lyons against Sea Insurance Company, pursuant to the uninsured motorist coverage provisions of their insurance policy. Sea Insurance Company then moved to stay arbitration, but the motion to stay was denied on the ground that it was not timely made by order dated May 23, 1975. The failure to timely move was a clerical error in failing to timely forward the arbitration file to its attorneys. Following a hearing in the arbitration proceeding held on August 18, 1975, the arbitrator awarded the sum of $6,900 to Roberta M. Lyons, and the sum of $990.70 to Roberta M. Lyons and Donald E. Lyons. Payment of the awards was made by Sea Insurance Company on September 11, 1975.

On September 3, 1975, the action against Virginia Pitcherale was marked deferred on the Rensselaer County Supreme Court Calendar. At the opening of the September, 1976 Term, it was stricken from the calendar as being abandoned, since it had been on the deferred calendar for over a year. No effort was ever made to revive it.

Sea Insurance Company commenced this action against the U. S. Fire Insurance Company alleging the facts concerning the action; the commencement of the action to recover for the injuries; the disclaimer by defendant; the claim and awards in the arbitration proceedings; and further alleging that the disclaimer was wrongful and a breach of defendant's obligations under its policy, and that by reason of said wrongful disclaimer and breach by U. S. Fire Insurance Company, plaintiff was required to pay to its damage the sum of

$7,890.70. Judgment is sought in that amount. Issue was joined by the service of an answer on or about December 16, 1977.

On February 28, 1978, U. S. Fire Insurance Company moved for summary judgment dismissing the complaint on various grounds, including (1) plaintiff lacks the capacity to sue since the only rights which it has is as subrogee of its insured; (2) the complaint fails to state a cause of action because it asserts no valid reason why plaintiff should be reimbursed; and (3) plaintiff waived the right to question defendant's disclaimer. In opposition, plaintiff asserted that it has the right to proceed against defendant on the principle of implied indemnity, and that the wrongful disclaimer of defendant of coverage under its policy which required plaintiff to pay to its insureds their claims against Virginia Pitcherale under the uninsured motorist coverage of its policy is a classic example of a cause of action in implied indemnity.

Special Term granted the motion for summary judgment on the ground that plaintiff failed to establish that the amount it paid was for damages for the wrongful act of another as the wrongdoer. Special Term recognized that plaintiff had to establish that defendant owed an obligation to Roberta Lyons and her husband by proving that defendant's insured was responsible for the damages paid by plaintiff.

The only rights which plaintiff has are those which it derives from its insured. These were asserted by its insureds in the negligence action against Pitcherale, but that action was abandoned, and there is no proof that she was responsible for the injuries to the Lyons.

Plaintiff contends that the motion for summary judgment should have been denied, asserting that the cases of *Matter of Rivera (MVAIC)* (22 AD2d 201, mot for lv to app den 15 NY2d 485) and *Motor Vehicle Acc. Ind. Corp. v National Grange Mut. Ins. Co.* (19 NY2d 115) establish that an insurer which pays uninsured motorist benefits has a cause of action directly against a disclaiming liability insurer which, except for its disclaimer, would have had to pay the claim of the injured party. The cause of action referred to in the opinions in these cases, however, is as subrogee pursuant to section 167 (subd 7, par [c]) of the Insurance Law. These cases do not establish that a cause of action in implied indemnity is available against a disclaiming liability insurer. An implied contract of indemnity "may arise from contractual relations or from the

status of the parties as a matter of law, or it may be imposed by statute" (28 NY Jur, Indemnity, § 10). Plaintiff does not have a right to indemnification imposed by statute, nor does it have such a right by contract. Neither of these cases holds that the negligence of defendant's insured need not be proven in an action based upon such negligence after it is instituted.

Plaintiff does not contend that it is a third-party beneficiary under the contract of insurance between defendant and Virginia Pitcherale, but merely asserts that since defendant wrongfully disclaimed under its policy, and since plaintiff was compelled to pay under its policy, plaintiff is entitled to be indemnified. This does not establish a cause of action on the theory of an implied contract of indemnity. Such an action rests upon the theory that where two parties are liable for the same negligent or illegal act and the passive wrongdoer is called upon to pay the damage caused by the active wrongdoer, the passive wrongdoer has a cause of action against the active wrongdoer. To establish a cause of action in implied indemnity, there must be first established a common duty to the injured party. There is no such duty under the facts of this case.

Plaintiff claims that the issues of negligence and damages were determined in the arbitrations between plaintiff and Lyons, to which defendant was vouched-in, but in which defendant refused to participate, and, therefore, such issues were finally determined against defendant. Arbitration, however, is a proceeding without the advantages of a court trial, one being the presence of a jury. Court of Claims proceedings also do not provide the parties the benefit of a jury trial and vouching-in is not available in the Court of Claims since, by appearing in an action there, the party vouched-in is made to forfeit his constitutional right to a jury trial *(People v Delaware & Hudson R. R. Corp.,* 42 AD2d 618).

The conclusion reached is that plaintiff must prove the negligence of Virginia Pitcherale in order to maintain its alleged indemnity action against defendant and having failed to do so, Special Term properly granted summary judgment in favor of defendant.

The order should be affirmed, with costs.

MAHONEY, P. J., SWEENEY and HERLIHY, JJ., concur; KANE, J., concurs in the result only.

Order affirmed, with costs.