TIMOTHY S. GARRETT, Individually and as Limited Administrator of the Estate of NANCY J. GARRETT, Deceased, Plaintiff, v HOLIDAY INNS, INC., et al., Respondents, and TOWN OF GREECE, Appellant. (And Four Other Main Actions, 20 Third-Party Actions.)

Fourth Department, May 21, 1982

#### APPEARANCES OF COUNSEL

*Winchell, Connors & Corcoran* (*Charles A. Hall* of counsel), for appellant.

*Fix, Spindelman, Turk, Himelein & Schwartz* (*Dennis R. McCoy* of counsel), for Nathan Benderson and another, respondents.

*Nixon, Hargrave, Devans & Doyle* (*Harold A. Kurland, David M. Lascell* and *Philippe Jeck* of counsel), for Holiday Inns, Inc., Respondent.

*Hickey, McHugh & Garlick* (William Gandy of counsel), for Leo Spezio, respondent.

*O'Brien & DeHond* (*Dennis R. McCoy* of counsel), for Anthony Comparato, respondent.

*Harris, Beach, Wilcox, Rubin & Levey* (*Dennis R. McCoy* of counsel), for Corona Court, Inc., respondent.

#### OPINION OF THE COURT

SIMONS, J. P.

The appeal is on the sufficiency of the third-party complaints.

Defendants — third-party plaintiffs, are the lessee, owners and developers of a Holiday Inn in the Town of Greece, New York. They have been sued in five negligence actions seeking damages for wrongful death, personal injuries and property damage allegedly sustained by guests of the motel when a fire destroyed it on November 26, 1978. Plaintiffs originally named the town as a primary defendant, but we dismissed their causes of action against it, holding that the town owed no duty to them (*Garrett v Town of Greece*, 78 AD2d 773, affd for reasons stated below 55 NY2d 774). Defendants then impleaded the town alleging separate causes of action for contribution and indemnity in their third-party complaints. The town moved to dismiss for failure to state a cause of action, Special Term denied the motion and we now reverse. A third-party action for contribution or indemnity does not lie against one who has not violated a duty owed to plaintiff in the primary action.

The conceptual differences between contribution and indemnity have been traced many times before (see, e.g., *D'Ambrosio v City of New York*, 55 NY2d 454; *McDermott v City of New York*, 50 NY2d 211, 216-217; *Rock v Reed-Prentice Div. of Package Mach. Co.*, 39 NY2d 34, 38-39; *Smith v Hooker Chem. & Plastics Corp.*, 83 AD2d 199, 200-201). Briefly, in contribution, joint tort-feasors responsible for plaintiff's loss share liability for it. Since they are *in pari delicto*, their common liability to plaintiff is apportioned and each tort-feasor pays his ratable part of the loss.[*] In indemnity, a party held legally liable to plaintiff shifts the entire loss to another. His right to do so may be based upon an express contract (see *Margolin v New York Life Ins. Co.*, 32 NY2d 149), but more commonly the indemnity obligation is implied, based upon the laws' notion of what is fair and proper as between the parties legally liable. Implied indemnity, which we are considering here, is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party (the indemnitor) at the expense of the other (the indemnitee). Indemnity is common in cases

---

[*] Contribution is sometimes incorrectly referred to as partial indemnity. There cannot be a partial indemnity, in the strict legal sense of the term, unless the indemnity arises by express contract, e.g., an insurance policy with a deductible provision.

of vicarious liability (see, e.g., *Rogers v Dorchester Assoc.,* 32 NY2d 553 [duty to maintain premises]; *Logan v Esterly,* 34 NY2d 648 [public highway]; *Traub v Dinzler,* 309 NY 395 [automobile owner and driver]; *Oceanic Steam Nav. Co. v Compania Transatlantica Espanola,* 134 NY 461; *Opper v Tripp Lake Estates,* 274 App Div 422, affd 300 NY 572 [employer-employee]); but there are also other circumstances, not involving vicarious liability, in which indemnity may be had (see, e.g., *McDermott v City of New York, supra* [third-party action by purchaser against manufacturer of defective product]; and see, generally, Restatement, Torts 2d, § 886B, subd [2]).

Theoretical differences aside, application of the governing rules leads to the same finding of legal insufficiency in both of defendants' causes of action against the town. It is firmly established that "[a] claim for contribution exists only when two or more tort-feasors share in responsibility for an injury, in violation of duties they respectively owed to the injured person" (*Smith v Sapienza,* 52 NY2d 82, 87; see, also, *Schauer v Joyce,* 54 NY2d 1, 5; *Holodook v Spencer,* 36 NY2d 35, 51; *Barry v Niagara Frontier Tr. System,* 35 NY2d 629, 633; *Rogers v Dorchester Assoc., supra,* p 564; and cf. *Nolechek v Gesuale,* 46 NY2d 332). The nature of the duties may differ with the defendants (see CPLR 1401; and see *City of Rochester v MacKnight Kirmmse & French,* 75 AD2d 990; *Taft v Shaffer Trucking,* 52 AD2d 255), but in each case a duty must be owed to plaintiff and not to some other person. Similarly, an indemnity cause of action can be sustained only if the third-party plaintiff and the third-party defendant have breached a duty to plaintiff and also if some duty to indemnify exists between them (see *Smith v Hooker Chem. & Plastics Corp.,* 83 AD2d 199, 202, *supra; Sea Ins. Co. v U. S. Fire Ins. Co.,* 71 AD2d 51, 54; *Fladerer v Needleman,* 30 AD2d 371, 373; *Bush Term. Bldgs. Co. v Luckenbach S. S. Co.,* 11 AD2d 220, 224 [BREITEL, J.], revd on other grounds 9 NY2d 426; *City of Utica v Holt,* 88 Misc 2d 206 [HANCOCK, J.]; 42 CJS, Indemnity, § 2, p 565; Restatement, Torts 2d, § 886B). The rule is stated in the Restatement as follows: "(1) If two persons are liable in tort to a third person for the same harm and one of them discharges the

liability of both, he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability."

In response, defendants contend that the town is liable to them for negligent misrepresentation because the town's building inspector issued a certificate of occupancy on which they relied, which falsely certified that the building complied with the fire laws (see *Gordon v Holt*, 65 AD2d 344, 350; *Sexstone v City of Rochester*, 32 AD2d 737). Thus, they claim that they are entitled to contribution because the town was negligent and because its negligence was concurrent with their own (see *Nolechek v Gesuale, supra*).

First, it should be noted that neither *Sexstone* nor *Gordon* were contribution or indemnity cases (cf. *City of Utica v Holt, supra*). In both actions, property owners sought to recover property damages personal to themselves because of a building inspector's negligent misrepresentation in issuing a certificate of occupancy. In *Sexstone (supra)*, the city issued a certificate of compliance to a vendor, though violations existed, and then demanded correction of the violations by the purchaser who had relied on the certificate. We held that the complaint stated a cause of action for the damages incurred by the purchaser in correcting the violations. In *Gordon (supra)*, a new certificate of occupancy was similarly requested as a condition of sale some eight years after construction and was subsequently issued by the city despite major violations of the building code. The apartment house burned down three months after the sale. We held that the complaint stated a cause of action against the city. We did not discuss the nature of the damages recoverable by the property owner and we dismissed the companion actions by the tenants of the building (brought by the subrogee) against the city because the city owed them no duty.

In this case, the violations complained of occurred in 1963 and 1964, at the time of construction, and the certificate of occupancy which allegedly misrepresented the existence of those violations was issued then. Defendant Holiday Inns, Inc., leased the premises in 1967 and defendants Benderson and Chesbro purchased them in 1968, subject to Holiday's lease. It is questionable whether these defen-

dants have a cause of action for misrepresentation under the circumstances, but even if they did, as defendants claim, the *Nolechek* case does not warrant impleader here on the grounds that the town was guilty of concurrent negligence.

In *Nolechek* (46 NY2d 332, *supra*), a father brought suit against defendant landowner because his 16-year-old son was killed while riding a motorcycle on defendant's property. The landowner impleaded the father, alleging that the father was guilty of concurrent negligence because the boy was sightless in one eye and had impaired vision in the other when the father gave him the motorcycle. The father, noting that a parent owes no duty to supervise his child's activities for which the child can recover at law (see *Holodook v Spencer,* 36 NY2d 35, *supra*), contended that he could not be subject to a claim for contribution by defendant landowner. The court permitted the landowner to implead the father, nevertheless, because the father had violated a duty to him by giving the son a dangerous instrumentality. Significantly, the plaintiff and the third-party defendant were the same person (cf. *Marton v McCasland,* 16 AD2d 781 [husband's contributory negligence barred his derivative claim]), and the four Judges joining in the opinion were obviously moved by strong equitable considerations in the case (see 46 NY2d, at p 342). The *Nolechek* decision has not been applied by any appellate court to permit liability over generally, and subsequently the Court of Appeals, noting the "unique circumstances" of the case, limited its holding to intrafamilial tort cases involving dangerous instrumentalities (see *Smith v Sapienza,* 52 NY2d 82, 86-87, *supra*).

Defendants also analogize their claims to those in which a defendant is permitted to implead a plaintiff's employer, although the employer owes no duty to the employee plaintiff because of the Workers' Compensation Law. The employer does owe a duty of care to his employee, however. Indeed, the Workers' Compensation Law recognizes that duty; only the direct action by the employee is foreclosed because the Legislature, as a matter of social policy, has mandated that the employer answer for a breach of the duty by compensation, not common-law liability (see *Nole-*

*chek v Gesuale, supra,* p 349 [dissent]). Notwithstanding the exclusive remedy provided by the Workers' Compensation Law, however, the relationship between the employer and others potentially liable for the employee's injury still exists and supports a cause of action for indemnity (see *Westchester Light. Co. v Westchester County Small Estates Corp.,* 278 NY 175). The same rationale explains the several cases cited in defendants' briefs dealing with issues involving preclusion orders and Statutes of Limitation. In each case, the third-party defendant owed a duty to the plaintiff, though plaintiff's remedy was barred either because an order of preclusion and summary judgment had been entered against him (see, e.g., *Londino v Health Ins. Plan of Greater N. Y.,* 93 Misc 2d 18), or because the Statute of Limitations had run on his cause of action against the third-party defendant (see, e.g., *Zillman v Meadowbrook Hosp. Co.,* 73 Misc 2d 726, revd on other grounds 45 AD2d 267; and see, generally, 1B Warren, N. Y. Negligence, Indemnity and Contribution, § 3.05 [4] [a], pp 699-700; Twentieth Ann Report of NY Judicial Conference, 1975, p 217; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:4, p 363). As the Judicial Conference report points out (at p 217), the proposed language of CPLR 1401 (later enacted as L 1974, ch 742) "is broad enough to permit contribution in such cases because the person against whom contribution is sought was 'subject to liability' even though he could not be held liable to the injured person directly".

In short, the town may not be impleaded for purposes of contribution or indemnity because it does not share a common liability to plaintiffs for their injuries. The result is not only consistent with accepted rules governing joint tort-feasors but also with restitution principles of unjust enrichment, i.e., defendants' payment of plaintiffs' claims, if they are required to make payment, will not result in the town's unjust enrichment because the town owes no duty to plaintiffs. Moreover, the rule harmonizes with the underlying policy considerations behind the special duty rule (see *Riss v City of New York,* 22 NY2d 579, 581-583; *Motyka v City of Amsterdam,* 15 NY2d 134, 139), for to

permit liability over would impose indirectly a duty on municipal officers to individual parties which general and well-established rules hold they do not have.

The order should be reversed and the third-party complaints dismissed.

CALLAHAN, DENMAN, BOOMER and MOULE, JJ., concur.

Order unanimously reversed, with costs, motion granted and third-party complaints dismissed.