Jonathan R. Kopald Esq. Town Attorney, Highlands
Based upon your letter and a telephone conversation with this office, you ask the following questions in relation to the furnishing of fire protection and rescue services by the fire district in your town in case of incidents occurring on that portion of a river located within the district:
 1) What are the obligations, if any, of the fire district to provide fire protection in the river area?
 2) Is it mandatory that the fire district establish rescue operations to service the district and, if so, what are the obligations, if any, of the district to provide rescue services in the river area?
 3) What liability may be incurred by the fire district for failure to provide fire protection and/or rescue services in the river area?
Town Law, § 170 provides for the establishment and extension of fire districts by a town board, and Town Law, § 176(10) authorizes a fire district to establish fire companies to provide fire protection services within the district. General Municipal Law, § 209-b(1) provides that a fire district "may'" organize within those fire companies emergency rescue and first aid squads to render rescue services within the fire district.
A fire district is required under Town Law, § 170 to furnish fire protection services to all property within its boundaries (Fallica v Townof Brookhaven, et al., 69 A.D.2d 579 [2d Dept, 1979], mod on other grounds 52 N.Y.2d 794 [1980]). The answer to your first inquiry, therefore, is that your fire district is responsible for providing fire protection in case of incidents occurring on that portion of a river located within the district.
In response to your second inquiry, the language and legislative history of General Municipal Law, § 209-b(1) indicate that the formation of rescue operations is discretionary with a fire district, but that once those operations have been established under section 209-b(1), a rescue squad is required to render rescue services in all areas of the district "in case of accidents, calamities or other emergencies in connection with which their services may be required, as well as in case of alarms of fire" (General Municipal Law, § 209-b[1]; Sponsor's Memorandum in relation to Senate Int 986, enacted as L 1939, ch 508, the predecessor to current § 209-b[1]). From this it follows that your fire district is not required to establish rescue services within the district. If it does, however, the rescue squad thereby established would be responsible for providing emergency rescue services in the river area (id.).
In response to your third inquiry, we do not believe that your fire district can incur any liability for failure to provide fire protection and/or rescue services. The rule in New York is that a municipality owes a general duty to the public at large to furnish fire and police protection, but is not liable for failure to exercise those governmental functions, unless by statute or by its affirmative actions it owes a "special duty" to an individual and breaches that duty (Steitz v City ofBeacon, 295 N.Y. 51 [1945]; Motyka v City of Amsterdam, 15 N.Y.2d 134
[1965]; Dutton v City of Olean, 60 A.D.2d 335 [4th Dept, 1978]; Gordon vHolt, 65 A.D.2d 344 [4th Dept, 1979]).* A statute gives rise to a "special duty" if, and only if, the intent of that statute is to protect an individual's personal interests and not just the interests of the general public (id.; Moch v Rensselaer Water Co., 247 N.Y. 160 [1928]). The question presented, therefore, is whether Town Law, §§ 170 and 176
and General Municipal Law, § 209-b were enacted to protect the interests of the general public, or the personal interests of particular individuals (id.). In order to respond to that question, it is necessary to review the leading cases on point.
In Steitz v City of Beacon, supra, a provision of the city charter required the city to maintain a fire department. In holding that this provision did not render the city liable for its failure to provide fire protection, the Court in Steitz, at pages 55 and 56, reasoned that the language of the charter:
 "* * * connotes nothing more than the creation of departments of municipal government, the grant of essential powers of government and directions as to their exercise.
 "Such enactments do not import intention to protect the interests of any individual except as they secure to all members of the community the enjoyment of rights and privileges to which they are entitled only as members of the public. Neglect in the performance of such requirements creates no civil liability to individuals * * *".
In Moch Co. v Rensselaer Water Co., supra, it was determined that a public service corporation under a positive, specific statutory duty to furnish water upon demand by a city for the extinguishment of fires was not rendered liable for damages caused by a fire started by another. There was no breach of this statutory duty, since that duty was owed to the city and not to its inhabitants. For similar results, see, also,Motyka v City of Amsterdam, supra; Gordon v Holt, supra; and Tuthill vCity of Rochester, 57 Misc.2d 94 (Sup Ct, Monroe Co., 1968), revd32 A.D.2d 873 (4th Dept, 1969), affd 27 N.Y.2d 558 (1970), in which it was held that a contract between a city and a fire district under General Municipal Law, § 209-p in relation to the relay of fire and emergency calls created no special duty running to residents of the district, but was for the benefit of the public.
Town Law, §§ 170 and 176 authorize the creation of fire districts and fire companies, respectively, and the latter section also specifies the powers of the governing body of the district, the board of fire commissioners. General Municipal Law, § 209-b authorizes a fire district to establish rescue services and specifies the manner in which those services shall be rendered. We think that these provisions relate primarily to the establishment of governmental subdivisions and departments and define the powers of those entities. (See, Steitz v Cityof Beacon, supra.)* Based upon our analysis of the foregoing cases, we believe that Town Law, §§ 170 and 176 and General Municipal Law, § 209-b are not designed to protect the personal interests of individuals, but were enacted to secure the benefits of fire protection and rescue services for the public at large (Steitz v City of Beacon,supra; Motyka v City of Amsterdam, supra; Moch v Rensselaer Water Co.,supra; Gordon v Holt, supra; Tuthill v City of Rochester, supra). We are of the opinion, therefore, that your fire district cannot, in general, be cast in damages for failure to furnish fire protection and rescue services to specific individuals.
We conclude that a fire district has a duty to render fire protection services to the general public in all areas of the district, including that portion of a river located within the district, and to furnish rescue services in that area where emergency rescue services have been organized under General Municipal Law, § 209-b(1). In general, a fire district is not liable for failure to provide fire protection and rescue services. We express no opinion on the liability of a fire district in those instances where, by its affirmative actions, it may owe a "special duty" to particular individuals to exercise reasonable care.
In your letter you state that the United States Coast Guard may have jurisdiction concurrent with your fire district for rescue services in the area of the river, but that it has no rescue facilities there. As provided in 14 U.S.C. § 88(b), the Coast Guard may render rescue services at "any place at which [its] facilities and personnel are available and can be effectively utilized". While it is true, therefore, that the Coast Guard also has jurisdiction in the area of the river within your district, as a practical matter, it is unable to exercise that jurisdiction. Furthermore, it is clear from the language of section 88 that such jurisdiction does not preempt rescue operations by local jurisdictions.
* This rule has been applied to fire districts in the context of fire protection services. (See, Motyka v City of Amsterdam, supra; Matlock vNew Hyde Park Fire District, et al., 16 A.D.2d 831 [2d Dept, 1962].) Since a fire district, in providing rescue services, is performing essentially a governmental function similar to fire protection, we believe that the rule should be applicable in the context of rescue services as well.
* We note that a fire district is a political subdivision of the State (Town Law, § 174[6]).