■ COMMUNITY STEEL CORPORATION, Plaintiff and Third-Party Plaintiff-Respondent, v TERRA MARINE DREDGING CORPORATION et al., Defendants. PRINCE RUBBER & PLASTICS, INC., Third-Party Defendant-Appellant.—Order unanimously affirmed with costs. Memorandum: Community Steel Corporation (Community) purchased 1,200 feet of sponge joint material from Prince Rubber & Plastics, Inc. (Prince) and, in turn, sold the joint material to Terra Marine Dredging Corporation (Terra) for Terra's use in a public improvement project in the Town of Amherst. In the main action, Terra asserted a counterclaim against Community for Community's failure, *inter alia,* "to supply the proper joint material". Community then instituted the third-party action for indemnification against Prince. Supreme Court properly denied Prince's motion to dismiss the third-party complaint.

Community has pleaded a valid claim for implied indemnification. It seeks full reimbursement for Prince's breach of an implied warranty of fitness for a particular purpose *(see,* Uniform Commercial Code § 2-315; *McDermott v City of New York,* 50 NY2d 211, 218-219). With respect to that breach, Community is free from affirmative fault and seeks to shift the obligation where in equity it belongs *(see, Garrett v Holiday Inns,* 86 AD2d 469, 470, *mod on other grounds* 58 NY2d 253). Since it is well settled that "[i]ndemnification claims generally do not accrue for the purpose of the Statute of Limitations until the party seeking indemnification has made payment to the injured person" *(McDermott v City of New York, supra,* at 216), the third-party action is timely. (Appeal from Order of Supreme Court, Erie County, Francis, J.—Dismiss Complaint.) Present—Callahan, A. P. J., Doerr, Boomer, Green and Davis, JJ.