■ JACKLYN PLAISIR et al., Respondents-Appellants, v ROYAL HOME SALES et al., Defendants, and HENRY RADUSKY et al., Appellants-Respondents. [916 NYS2d 635]—

In a consolidated action, inter alia, to recover damages for breach of contract, fraud, and negligence, the defendants Henry Radusky and Bricolage Designs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated August 7, 2009, as denied those branches of their cross motion which were for summary judgment dismissing the first cause of action insofar as asserted against them and the third and fourth causes of action, and the plaintiffs cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the cross motion of the defendants Henry Radusky and Bricolage Designs which were for summary judgment dismissing the first cause of action insofar as asserted against them and the third and fourth causes of action are granted; and it is further,

Ordered that one bill of costs is awarded to the defendants Henry Radusky and Bricolage Designs.

Contrary to the Supreme Court's determination, the defendant Henry Radusky, an architect, and the defendant Bricolage Designs, the architectural firm Radusky worked for, demonstrated their prima facie entitlement to judgment as a matter of law with respect to the first cause of action to recover damages for breach of contract insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Radusky and Bricolage Designs (hereinafter together the appellants), retained by the defendant Capital M. Construction Corp. to perform certain architectural services in connection with the construction of a house the plaintiffs purchased, submitted evidence establishing, prima facie, that they were not in a contractual relationship with, or in privity with, the plaintiffs (*cf. CDJ Bldrs. Corp. v Hudson Group Constr. Corp.*, 67 AD3d 720, 722 [2009]; *Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 104 [2009]). Since, in opposition, the plaintiffs failed to raise a triable issue of fact, the Supreme Court should have granted that branch of the appellants' cross motion which was for summary judgment dismissing the first cause of action insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The appellants also demonstrated their prima facie entitle-

ment to judgment as a matter of law dismissing the third cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). The appellants submitted evidence establishing, prima facie, that the plaintiffs, allegedly damaged as a result of certain misrepresentations the appellants made in a "plot plan" approved by the New York City Buildings Department, did not rely on those alleged misrepresentations before previewing and purchasing the house (*see Gordon v Holt*, 65 AD2d 344, 348-349 [1979]). Further, the appellants submitted evidence establishing, prima facie, that the plaintiffs were not "known parties" who "relied upon" the statements made in the architectural design plans (*Ford v Sivilli*, 2 AD3d 773, 775 [2003]). The appellants also submitted evidence establishing, prima facie, that the plaintiffs did not rely on any statements in the plot plan (*see Gordon v Holt*, 65 AD2d at 348-349). In opposition thereto, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court should have granted that branch of the appellants' cross motion which was for summary judgment dismissing the third cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Finally, the appellants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the fourth cause of action to recover damages for negligence (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). The appellants submitted evidence establishing, prima facie, that they owed the plaintiffs no duty (*cf. Pulka v Edelman*, 40 NY2d 781, 782 [1976]; *Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 342 [1928]). Since, in opposition, the plaintiffs failed to raise a triable issue of fact, the Supreme Court should have granted that branch of the appellants' cross motion which was for summary judgment dismissing the fourth cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The cross appeal must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]), since, in their brief, the plaintiffs do not seek reversal or modification of any portion of the order appealed from. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.