■ VINCENT ASCRIZZI et al., Appellants, v DAVID KAUFMAN, as Supervisor of the Town of Thompson, et al., Respondents, et al., Defendants.— Appeal (1) from an amended order of the Supreme Court at Special Term, entered June 4, 1976 in Sullivan County which granted respondents' motion to dismiss the complaint as against them and (2) from the amended judgment entered thereon. Special Term dismissed the complaint on motion of respondents David Kaufman, Supervisor of the Town of Thompson, David Jaffe, building inspector of the town, and the Town of Thompson, on the ground that it fails to state a cause of action as to them. It also denied plaintiffs' cross motion seeking leave to serve an amended complaint. In the action plaintiffs sought to recover damages by reason of the alleged wrongful issuance of a certificate of occupancy. Under the undisputed facts a certificate of occupancy was issued by the respondent building inspector certifying that the building located on a certain lot owned by the plaintiffs conformed substantially to the approved plans and specifications filed with an application for a building permit, and conformed to all of the requirements of the applicable provisions of the law. The first cause of action is

based on a claim of detrimental reliance upon the issuance of the certificate of occupancy, which is alleged to represent that the building upon plaintiffs' lot was tapped on to a sewerage system and was fully operational, when in fact the building was not connected to the central sewerage system, and the sewerage system was inoperable when the certificate of occupancy was issued. It is alleged that in reliance upon such certificate, the plaintiffs paid the sum of $60,000 for the building and, as a result, have been damaged in the amount of $100,000. The second cause of action alleges negligence on the part of these three respondents in failing to properly inspect the premises to determine whether the construction was in compliance with the applicable laws of the State and local laws, ordinances and regulations of the Town of Thompson. Initially, we agree with Special Term that neither the complaint nor the proposed amended complaint allege any acts on the part of the respondent Supervisor of the Town of Thompson which would give rise to a cause of action against him. Nor may civil liability to the plaintiffs be created under the allegations of the complaint as to any of these three respondents. It has been well established that where, as here, a municipality acts in a governmental capacity for the protection of the general public, it will not be liable for a failure to furnish effective protection to a particular individual to whom it owes no special duty (*Motyka v City of Amsterdam*, 15 NY2d 134; *Steitz v City of Beacon*, 295 NY 51; *Murrain v Wilson Line*, 270 App Div 372, affd 296 NY 845; *Carroll v City of New York*, 37 Misc 2d 563, affd 25 AD2d 841; *Meadows v Village of Mineola*, 190 Misc 815). Since, therefore, plaintiffs would not be entitled to relief against the town or its individual officials, even assuming the truth of the factual allegations in the complaint, the motion to dismiss was properly granted (CPLR 3211, subd [a], par 7; cf. *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634). For the reasons stated by Special Term plaintiffs' motion for leave to serve an amended complaint was properly denied. Amended order and judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.