■ DANIEL H. MAHONEY, Respondent, v TOWN OF SANTA CLARA, Defendant and Third-Party Plaintiff-Appellant, ROBERT DULEY et al., Third-Party Defendants. — Appeal from an order of the Supreme Court at Special Term (Levine, J.), entered October 23, 1981 in Franklin County, which denied defendant's motion for summary judgment. After answering the complaint herein, which alleges causes of action for damages on account of the defendant town's negligence, culpable conduct and failure to enforce its Unsafe Buildings Ordinance, the town moved for summary judgment on the ground the complaint failed to state a viable cause of action. The action arose when plaintiff's summer cottage was damaged by a fire which started in the nearby (250 feet adjacent) Saranac Hotel while it was being demolished on June 17, 1978, and which spread through the debris to plaintiff's property. This hotel had ceased to operate as such in 1961 and was vacant and deteriorating until the fire. The continued deterioration prompted the adjoining property owners to notify the town board of the fact that the hotel was a fire hazard. After an inspection was conducted on behalf of the town through its building inspector, an architect, and the town supervisor, the town was informed by them that this property

was not acceptable for occupancy and constituted a fire hazard. On September 17, 1969, the town notified Robert J. Duley, the reputed owner of the property, by an order signed by four town officers and the town supervisor, that the property violated the town's Unsafe Buildings Ordinance, and that he was to demolish it and to complete the demolition within 60 days of its commencement. Nothing was done for about three years and on August 4, 1972, the owners association, of which plaintiff was a member, again notified the town of the condition of the property and that the town was to be held responsible for any resultant damage. On June 27, 1974, the owner of the hotel negotiated an agreement with certain contractors for the demolition. On March 31, 1976, the owner extended the completion date of the contract to June 30, 1977 by a supplemental agreement. On June 19, 1977, the contract of demolition was assigned to third-party defendant Thomas W. La Mere, and on June 17, 1978, while the demolition was taking place, the building caught fire, allegedly causing the damage to plaintiff's property. On these facts, we disagree with the determination of Special Term that factual issues prevent the granting of defendant's motion for summary judgment. The town never owned the property, never contracted with anyone to demolish the property, nor ever undertook any affirmative action to secure the property from collapse or fire. Defendant's liability, if any, must arise from a special relationship between it as a municipality and plaintiff (*Florence v Goldberg,* 44 NY2d 189, 195), resulting in the creation of "a duty to use due care for the benefit of particular persons or classes of persons" (*Motyka v City of Amsterdam,* 15 NY2d 134, 139). No such special relationship exists herein between plaintiff and defendant municipality; nor was any duty in regard to plaintiff ever voluntarily assumed inducing plaintiff to rely thereon (*Florence v Goldberg,* 44 NY2d 189, *supra*). In essence, all of plaintiff's causes of action are based on defendant municipality's Unsafe Buildings Ordinance, which was enacted on December 16, 1968 in regard to structures which are "deemed to be unsafe or dangerous *to the public*" (Unsafe Buildings Ordinance of Town of Santa Clara, § 2) (emphasis added). This language clearly indicates that the ordinance as enacted does no more than provide general public safety protection (*Garrett v Town of Greece,* 78 AD2d 773, affd 55 NY2d 774). Moreover, the language of the ordinance is permissive. Section 7 thereof provides that in the event a building is deemed to be unsafe after inspection provided for in the ordinance, the town board *"may"* (emphasis added) pass a resolution directing the supervisor to make an appropriate application to a Special Term of the Supreme Court for demolition or removal. The inspections and other efforts undertaken by the town herein were all done pursuant to the ordinance and, therefore, were in the nature of governmental functions, which impose no liability upon defendant for failure to enforce its provisions (*Sanchez v Village of Liberty,* 42 NY2d 876). In any event, the fire occurred while the building was being demolished by a contractor hired by the owner as a result of the town's efforts to enforce its ordinance. Thus, even assuming the town owed some duty to plaintiff, that duty had been fulfilled when the fire occurred. Therefore, the order of Special Term must be reversed and the complaint dismissed. Order reversed, on the law, with costs, and defendant's motion for summary judgment granted. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.