OPINION OF THE COURT
William H. Keniry, J.
Can a municipal corporation and its zoning inspector be responsible to a homeowner for the issuance of a certificate of occupancy for a new residence which later exhibits numerous construction defects and deficiencies? This issue is raised by the motion made by the defendants, Town of Sand Lake and Richard Tallman, seeking dismissal of the plaintiffs’ complaint for failure to state a cause of action.
*284 The case centers around a single-family residence located on lots 9 and 10, Rosemont Avenue, Town of Sand Lake, Rensselaer County. The house was built pursuant to a written contract between the plaintiffs and defendant William S. Middleton dated December 8, 1984. Middleton owned the lots and was the general contractor. Title was conveyed to plaintiffs on March 14, 1985. The defendant town through its zoning officer, Richard Tallman, issued a certificate of occupancy to the builder on February 27, 1985. Plaintiffs allege that the home, as built, contained numerous structural and construction defects. As against the town and Tallman, plaintiffs allege that such defendants negligently issued a certificate of occupancy which effectively concealed from plaintiffs the fact that the home was not built in compliance with the applicable building codes and that the town failed to properly enforce its building ordinance in allowing an unqualified person to issue the certificate.
Defendants town and Tallman argue that, even assuming the truth of the plaintiffs’ allegations, liability as a matter of law cannot be imposed against them. In opposition and in addition to their pleadings, plaintiffs allege, upon information and belief, that defendant Tallman at the time the subject certificate of occupancy was issued, was employed or had recently been employed or affiliated with defendant Middleton as a subcontractor.
The law is well settled that absent a special relationship creating a municipal duty to exercise care for a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation (Kenavan v City of New York, 70 NY2d 558, 568; O’Connor v City of New York, 58 NY2d 184). Most cases involve the areas of municipal police and fire protection (see, Kircher v City of Jamestown, 74 NY2d 251). The general rule is not, however, applicable when a municipality engages in a proprietary function (Schrempf v State of New York, 66 NY2d 289) but does ordinarily apply in cases involving the enforcement of building ordinances (Quinn v Nadler Bros., 92 AD2d 1013).
There is scant judicial precedent which discusses a municipality’s liability for the improper issuance of a certificate of occupancy by a building or zoning inspector. The most relevant New York rulings emanate from a tragic and extensive motel fire in the Rochester area in which several guests died or were injured. In Garrett v Town of Greece (78 AD2d 773, *285 affd 55 NY2d 774) the court dismissed a wrongful death action brought on behalf of a motel guest based on the claim that the town failed to adequately inspect and enforce its building and safety ordinance. The court held that the complaint alleged no more than a violation of a general duty owed to the public-at-large. However, in Garrett v Holiday Inns (58 NY2d 253, 263), the Court of Appeals sustained a third-party complaint for contribution filed on behalf of the owners and operators of the motel against the town on the theory that the town had "a duty, in the face of the alleged blatant and dangerous code violations, to refuse to issue a certificate of occupancy”. Thus in the same factual setting, the Court of Appeals.barred a suit on behalf of a member of the general public but allowed a suit on behalf of the entities in direct privity to the municipality.
In this case, the certificate of occupancy was issued, concededly not to the plaintiffs, but to the builder. Such procedure is the general practice in the building industry with the municipality’s knowledge that the home will thereafter be conveyed by the builder to the homeowner. Assuming the truth of the plaintiffs’ allegations that the house when inspected had obvious structural deficiencies and failed to comply with the town’s building code as the court must do in considering such motions (Barr v Wackman, 36 NY2d 371; John R. Loftus, Inc. v White, 150 AD2d 857), it is the court’s holding that the town could reasonably foresee that the builder would convey the house to the plaintiffs and that the town had a duty to refuse to issue the certificate of occupancy if obvious deficiencies existed. The plaintiffs fall within the class of persons to which the town and its building inspector owed a duty under these circumstances (see, Garrett v Holiday Inns, 58 NY2d 253, supra). In reaching this determination, the court is mindful of the recent judicial trend giving added protection to the home buyer (Caceci v Di Canio Constr. Corp., 72 NY2d 52). Plaintiffs, at the very least, should be afforded the opportunity to develop a factual basis to prove that the defendants breached their duty. The complaint states a cause of action.
The motion is denied, without costs.
The court notes that this action has been pending since 1986 and is not yet ready for trial. On its own motion and in furtherance of its responsibilities under IAS, the court hereby directs that all pretrial discovery be completed on or before May 1, 1990 and that a note of issue be thereafter filed.