Lynn & Thera GILLIES, Plaintiffs,

v.

UTAH COUNTY, and Anthony J. Fisher, former Building Inspector, Defendants.

UTAH COUNTY, Third–Party Plaintiff,

v.

William ELTON, d/b/a Elton's Construction Co., Third–Party Defendant.

No. C–88–666A.

United States District Court, D. Utah, C.D.

June 17, 1991.

Brian M. Barnard, Salt Lake City, Utah, for plaintiffs.

Guy R. Burningham and E. Kent Sundberg Utah County Attorney's Office, Provo, Utah, for defendant Utah County.

Ronald Stanger, Provo, Utah, for third-party defendant Elton.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

ALDON J. ANDERSON, Senior
District Judge.

Plaintiffs brought the above-captioned action under 42 U.S.C. § 1983. Defendants separately brought motions for summary judgment. The court has received the briefs of the parties. Shortly before the scheduled hearing on Defendants' motions, the parties decided to waive oral arguments and submit the issues to the court on the briefs. Having closely examined the arguments presented by the parties in their briefs and reviewed the applicable law, the court is prepared to rule.

BACKGROUND

Plaintiffs are homeowners in Utah County. Plaintiffs undertook to remodel their home in 1984. State and local laws required that Plaintiffs' remodeling project be inspected periodically by Utah County building inspectors. Defendant Utah County employed Defendant Fisher as a building inspector. Defendant Fisher served as the building inspector for Plaintiffs' home remodeling project. At the end of the remodeling project, Utah County determined that the construction did not meet applicable building code standards in several significant ways. As a result, Utah County refused to issue a certificate of occupancy for the Plaintiffs' home.

In the typical situation, a homeowner decides to remodel and contracts with a builder to perform the work. The owner must also obtain a building permit from the local government. The local government issues this permit based on the understanding that the owner promises to conform to applicable building code provisions. To perform this obligation, the homeowner generally requires in the construction contract that the builder comply with applicable building code standards. To ensure project compliance, the local government sends a representative to the construction site to inspect the project. At the end of construction, the inspector makes a final review of the building and issues a certificate of occupancy if the building conforms to the code.[1] The inspector is a government employee and does not work for homeowner nor the builder.

Plaintiffs claim the right to rely on their building inspector, Defendant Fisher, to ensure building code compliance for them. Plaintiffs assert they now own a home that fails to comply with the building code in significant respects because of Defendant Fisher's failure to ensure compliance. Plaintiffs allege that Defendant Fisher failed to perform inspections in a competent manner, failed entirely to perform several inspections, and falsified building inspection forms. Plaintiffs also assert that Defendant Utah County was aware of Defendant Fisher's shortcomings as a building inspector and failed to take corrective actions. Plaintiffs further contend that Defendant Utah County followed a policy of inadequately training building inspectors. Plaintiffs instituted this action under 42 U.S.C. § 1983 for a claimed deprivation of a constitutionally protected property right, purporting to be an interest in competently conducted building inspections.

Defendants have moved for summary judgment on several legal theories including statute of limitations, exhaustion, and state law immunity. These listed defenses are without merit and are addressed summarily *infra*. The remaining claims of failure to state a cause of action and qualified immunity ultimately center on the determination of a question of law. The case is, therefore, appropriate for summary judgment. *See* Fed.R.Civ.P. 56(c). The dispositive issue to be determined is whether Plaintiffs enjoy a protected property interest in competently conducted building inspections.

ANALYSIS

■ Defendants claim that Plaintiffs' cause is barred by an applicable two year statute of limitations. It appears that the express compiler's note for the statute restricts its application to causes arising after April of 1987. *See* U.C.A. § 78–12–28

---

1. A home may not be occupied without a certificate of occupancy.

(1987). Here, a two year limitations period would only affect cases arising after April of 1987 and could not bar an action filed in 1988 such as this action was. This case is governed by the four year statute of limitations that preceded the enactment of § 78–12–28. *See generally Mismash v. Murray City,* 730 F.2d 1366, 1367 (10th Cir.1984) (in Utah, four year limitation applies to § 1983 actions). As Defendants do not assert that the cause of action arose more than four years before it was filed, Plaintiffs' action is not time barred.

■ Defendants' assertion of a shield based on Plaintiffs' failure to exhaust available state remedies is also without merit. A substantial question exists as to whether Plaintiffs' claim falls within the administrative remedy procedure cited by Defendants. However, even if the asserted state remedial process were available to address Plaintiffs' claims, they are not required to pursue such a remedy before bringing a 42 U.S.C. § 1983 action. *See McNeese v. Board of Education,* 373 U.S. 668, 671–74, 83 S.Ct. 1433, 1435–37, 10 L.Ed.2d 622 (1962) ("the Civil Rights Act may not be defeated because relief was not first sought under state law which provides a remedy"). Defendants' argument is meritless because they assert that Plaintiffs failed to fulfill a prerequisite that simply does not exist.

■ Finally, Defendants' state governmental immunity argument is without merit. The current action is one to enforce a federal right, a constitutional right, even though the right finds form in state law. "State statutory immunity provisions do not apply to federal civil rights actions." *See Guillroy v. County of Orange,* 731 F.2d 1379, 1382 (9th Cir.1984) (action on claimed property entitlement or liberty interest in concealed weapon permit). Defendants' argument is, therefore, without merit.

The substance of Defendants' remaining arguments are based on failure to state a claim and qualified immunity. These require the court to determine whether Plaintiffs' have asserted a protected property interest.

■ "The hallmark of property, the Court has emphasized, is an individual *entitlement grounded in state law,* which cannot be removed except 'for cause.'" *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1981) (emphasis added, citations omitted) (analyzing state official's termination of an individual's cause of action under the Illinois Fair Employment Practices Act). A property interest may be created by state statute, administrative rule, or explicit understanding. *Orloff v. Cleland,* 708 F.2d 372, 377 (9th Cir.1983) (analyzing claim of entitlement to appointment as a Veterans Administration physician). A "mere unilateral expectation or an abstract need" is not a protected property interest. *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 161, 101 S.Ct. 446, 450, 66 L.Ed.2d 358 (1980) (discussing "property" undertakings clause). *See Logan,* 455 U.S. at 431, 102 S.Ct. at 1155.

With the assistance of counsel, the court has been able to discover only one instance in which a federal court has previously determined whether a homeowner has a protected property interest in a competently conducted building inspection. In 1979, the Delaware District Court determined that individuals purchasing prebuilt homes had no protected property interest in competently conducted building inspections. *Wooters v. Jornlin,* 477 F.Supp. 1140, 1144–45 (D.Del.1979), *aff'd,* 622 F.2d 580 (1980), *cert. denied,* 449 U.S. 992, 101 S.Ct. 528, 66 L.Ed.2d 289 (1980). The *Wooters* court utilized a three-prong test of its own design in determining whether a constitutionally protected property interest existed. Neither party has proposed an alternative test and the court has been unable to discover any more satisfying standard.

The *Wooters* court concluded that, to establish "a property interest in housing inspections, the Plaintiffs must point to (1) an independent source of authority (2) that establishes an absolute duty (3) that is owed to them as individuals rather than as members of the undifferentiated public." *Id.* at 1144. The third element is dispositive in the present action. Plaintiffs con-

tend the applicable law creates an individual entitlement to the building inspections. Defendants argue that building inspections are performed for the benefit of the public in general. The *Wooters* court determined that the defendant Delaware county did not owe the individual plaintiffs a duty to competently inspect their homes. *Id.* at 1148.

As the court is aware of no other reported decision specifically addressing the issue presented to this court and the *Wooters* court, the court seeks guidance from decisions on a similar legal issue in the torts field. A few state courts across the country have been faced with tort actions by individuals for negligently or recklessly conducted building inspections. The primary legal issue in such cases is whether the inspector's duty to inspect runs to the individual property owner. The majority of courts considering the issue have determined that the duty does not run to the individual. *See, e.g., Ribeiro v. Granby,* 395 Mass. 608, 481 N.E.2d 466, 467–68 (1985); *Lynn v. Overlook Development,* 98 N.C.App. 75, 389 S.E.2d 609, 611–12 (1990). In fact, the court is aware of only one reported decision finding that the duty of a building inspector runs to the individual property owner. *See Hill v. Middleton,* 146 Misc.2d 283, 549 N.Y.S.2d 918 (1989). The *Hill* case, however, expressly applies only when a certificate of occupancy has been issued. *Id.* The *Hill* opinion noted that building inspections, as opposed to the issuance of the certificate of occupancy, are the result of a general duty owed to the public as a whole. *Id.*

Plaintiffs point to no provision of applicable statutes or ordinances that materially differentiates them from the norm. Furthermore, the court finds the logic underlying the majority position persuasive. For these reasons, the court adopts the majority position and rules that, as a matter of law, the Plaintiffs are not the beneficiaries of an individually owed duty to competently perform building inspections.

Building inspections are intended to benefit and safeguard the community as a whole. The responsibility for ensuring code compliance on individual projects ultimately lies with the property owner. The inspector is not employed by the owner. The inspector is employed by the county to enforce the code which is to ensure that a structure poses no risks to the general public. The building code states its purpose as follows:

> The purpose of this code is to provide minimum standards to safeguard life or limb, health, property and public welfare by regulating and controlling the design, construction, quality of materials, use and occupancy, location and maintenance of all buildings and structures within this jurisdiction and certain equipment specifically regulated herein.

> The purpose of this code is not to create or otherwise establish or designate any particular class or group of persons who will or should be especially protected or benefitted by the terms of this code.

Uniform Building Code § 102 (1988) (enacted as law in Utah by U.C.A. § 58–56–4(a) (1990)). In short, the government building inspector serves for the public welfare and does not serve as the owner's guarantor of contract specification compliance.

## CONCLUSION

The court determines that neither of the Defendants owed a duty individually to the Plaintiffs. Under the legal standards outlined by the parties, this conclusion requires this court to determine that no constitutionally protected property interest exists. Therefore, this court grants Defendants' motions for summary judgment.

IT IS SO ORDERED.