JAMES CLINTON et al., Appellants, v BERNARD J. McKEON et al., Appellants, and TOWN OF CAIRO, Respondent.

Third Department, January 23, 1992

**APPEARANCES OF COUNSEL**

*Ralph C. Lewis Jr.* for James Clinton and another, appellants.

*Stephen J. Rogers* for Bernard J. McKeon and others, appellants.

*James H. Kerr* for respondent.

**OPINION OF THE COURT**

HARVEY, J.

After obtaining a building permit from defendant Town of Cairo in June 1987, defendants Bernard J. McKeon, Olive McKeon and Thomas McKeon built a one-family home. Upon completion of the home, the McKeons obtained an inspection from the Town's Building Department. Thereafter a certificate of occupancy was issued and the McKeons eventually sold the home to plaintiffs for $95,000. Soon after plaintiffs took title, however, structural problems became apparent in the home. After an investigation, Town officials and a State engineer determined that the structure did not meet the requirements of the State Building Code. The certificate of occupancy was revoked and plaintiffs commenced this suit against the McKeons and the Town. In their claim against the Town, plaintiffs principally alleged that the Town was negligent in its inspection of the premises and the issuance of a certificate of occupancy when the applicable codes were not complied with. Thereafter, the Town brought a motion for summary judgment dismissing the complaint and all cross claims against it, asserting that the Town owed no duty to plaintiffs and could not be found liable. Supreme Court granted this motion and this appeal followed.

In our view, the granting of summary judgment dismissing all claims against the Town must be affirmed. In doing so it is not necessary for us to consider the propriety of Supreme Court's conclusion that, because the Town was allegedly not aware of any serious, blatant defect in construction at the time it issued the certificate of occupancy *(see, e.g., Garrett v Holiday Inns,* 58 NY2d 253, 262), it was immune from liability for ordinary negligence in uncovering safety violations in inspections *(see, e.g., Ascrizzi v Kaufman,* 57 AD2d 643). Instead, we must focus on the question of whether plaintiffs, who did not obtain the subject certificate of occupancy from the Town, are parties who had a special relationship with the Town which created a duty on the part of the Town to exercise due care. We find that they were not. Notably, in *Garrett v Town of Greece* (78 AD2d 773, *affd on mem below* 55 NY2d 774), the Fourth Department dismissed a wrongful

death claim brought on behalf of a motel guest who died from a fire in a motel to which the municipality had negligently issued a certificate of occupancy. The claim was dismissed because the plaintiff alleged no more than a violation by the municipality of "a general duty owed to the public at large, conduct which does not impose upon it any liability to [the] plaintiff" *(supra,* at 774). Significantly, in another lawsuit arising out of the same fire, the Court of Appeals sustained a third-party complaint for contribution filed on behalf of the owners and operators of the motel who were in direct privity with the municipality *(Garrett v Holiday Inns, supra).*

In the case at bar, the certificate of occupancy (with its accompanying assurances that the structure was safe and properly inspected) was not issued to plaintiffs but to the McKeons, who were in direct privity with the Town *(see, e.g., Goudreau v City of Rensselaer,* 134 AD2d 709). In response to this fact, plaintiffs rely on *Hill v Middleton* (146 Misc 2d 283), where Supreme Court determined that homeowners could sue a municipality for negligent issuance of a certificate of occupancy even though it was issued to a professional builder and not to the plaintiffs. We do not have to consider whether we agree with the holding in *Hill* because the *Hill* case is readily distinguishable from the case at bar on its facts. The *Hill* court noted that municipalities are clearly aware of the general practice of builders and developers to construct homes that will thereafter be immediately conveyed by the builder to the homeowner. As such, the municipality in that case "could reasonably foresee that the builder would convey the house to the plaintiffs and that the [municipality] had a duty to refuse to issue the certificate of occupancy if obvious deficiencies existed" *(supra,* at 285). Plaintiffs in the present case, however, did not buy from a professional builder and there is no evidence in the record that would indicate that the municipality knew of any plans on the part of the McKeons to sell the home to third parties. Accordingly, it is apparent that plaintiffs, who received no special assurances from the Town, are no more than members of the general public. Any other result could conceivably leave a municipality open to suit from homeowners several generations removed from the individuals who had actual contact with the municipality.

WEISS, J. P., LEVINE, MERCURE and MAHONEY, JJ., concur.

Ordered that the order is affirmed, without costs.