■ JANICE SANTACAPITA et al., Respondents, v TOWN OF BROOKHAVEN, Appellant, and JACK SCACCIA, Respondent. [609 NYS2d 55] —In an action to recover damages for personal injuries, etc., the defendant Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 29, 1992, which denied its motion, *inter alia,*

for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs payable by the plaintiffs-respondents, that branch of the appellant's motion which was for summary judgment is granted, the complaint and all cross claims insofar as asserted against the appellant are dismissed, and the action against the remaining defendant is severed.

It is well settled that "in the absence of some special relationship creating a duty to exercise care for the benefit of particular individuals, liability may not be imposed on a municipality for failure to enforce a statute or regulation" *(O'Connor v City of New York,* 58 NY2d 184, 192; *see, Sanchez v Village of Liberty,* 42 NY2d 876; *Miller v Morania Oil,* 194 AD2d 770). We agree with the contention of the appellant, Town of Brookhaven, that there is no evidence of a special relationship in this case which would support the plaintiffs' claim against it.

The plaintiffs have alleged that the Town negligently issued a certificate of compliance with regard to a deck on their premises, despite numerous purported construction defects in the structure. Furthermore, they have averred in an affidavit that they relied on the certificate of compliance in purchasing the home and using the deck *(see, Garrett v Holiday Inns,* 58 NY2d 253; *Goudreau v City of Rensselaer,* 134 AD2d 709). However, no special relationship exists which would permit the plaintiffs to maintain this action against the Town to recover for injuries resulting from the collapse of the deck, inasmuch as the certificate of compliance was issued by the Town to the previous owner of the premises and there was no direct contact between the plaintiffs and the Town *(see, Clinton v McKeon,* 174 AD2d 153; *see generally, Kircher v City of Jamestown,* 74 NY2d 251; *Cuffy v City of New York,* 69 NY2d 255; *Julmis v City of New York,* 194 AD2d 522). "Any other result [w]ould conceivably leave a municipality open to suit from homeowners several generations removed from the individuals who had actual contact with the municipality" *(Clinton v McKeon, supra,* at 155). Accordingly, the Town is entitled to summary judgment dismissing the complaint and all cross claims against it.

In view of the foregoing, we do not reach the Town's remaining contention. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.

■ HADASSAH SEIDMAN, as Mother and Natural Guardian of