■ DAVID NEWHOOK, Appellant, v ROBERT HALLOCK et al., Defendants, and TOWN OF FORESTBURGH, SULLIVAN COUNTY, Respondent. [626 NYS2d 300] —Peters, J. Appeal from an order of the Supreme Court (Bradley, J.), entered March 2, 1994 in Sullivan County, which granted defendant Town of Forestburgh's motion to, *inter alia,* dismiss the complaint against it for failure to state a cause of action.

In July 1989, plaintiff entered into a contract of sale with defendants Robert Hallock and Florence Hallock for the purchase of their residence in the Town of Forestburgh, Sullivan County. The property was conveyed by deed in September 1989. In July 1990, plaintiff became aware of structural defects. Upon his examination of the file maintained by the

Town's Building Department, plaintiff ascertained that a certificate of occupancy had been issued to the Hallocks on June 28, 1989.

Plaintiff commenced this action against the Hallocks and the Town. As against the Town, plaintiff alleges that it negligently issued the certificate of occupancy because the residence did not conform to the applicable building construction codes. The Town brought a motion to dismiss pursuant to CPLR 3211 (a) (7) alleging the failure to set forth a valid cause of action. Supreme Court granted the motion and plaintiff appeals.

It is well settled that "[a]bsent a special relationship creating a municipal duty to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation" (*Sanchez v Village of Liberty,* 42 NY2d 876, 877-878, *appeal dismissed* 44 NY2d 817; *see, O'Connor v City of New York,* 58 NY2d 184, 189). A " 'special duty' " may be created by statute, regulation or when a municipality voluntarily undertakes a course of action which the municipality is not required to assume and, in so doing, induces the plaintiff to rely on the municipality to exercise its duty of reasonable care in the performance thereof (*Gordon v Holt,* 65 AD2d 344, 350-351, *lv denied* 47 NY2d 710). Here, however, the relevant statutes and codes create no such special relationship which could establish a duty owed by the Town to plaintiff. The building construction code provides a " 'basic and uniform performance standard[ ]' " applicable to all people of the State (*Major v Waverly & Ogden,* 7 NY2d 332, 335; *see,* Executive Law art 18).

We further reject plaintiff's contention that there existed a special relationship between him and the Town upon which he relied since it is clear that the certificate of occupancy was issued to the Hallocks and not plaintiff and that he examined the Town's files on this residence only after he purchased it (*see, Clinton v McKeon,* 174 AD2d 153).

Hence, in the absence of a special relationship, as here, the issuance of a certificate of occupancy is a "governmental function for which a municipality may not be held responsible for damages" (*Okie v Village of Hamburg,* 196 AD2d 228, 231; *see, O'Connor v City of New York, supra; see generally, Bargy v Sienkiewicz,* 207 AD2d 606).

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.