■ FRANCES GREIFENBERGER et al., Appellants, v GEORGE PAV et al., Respondents, et al., Defendants. [640 NYS2d 197] ■

The plaintiffs contracted to purchase a single family home to be constructed in the Town of Smithtown (hereinafter the Town). The closing of title was conditioned upon the defendant Meadow Acres Realty Corp. obtaining a certificate of occupancy for the new home, which was accomplished on May 6, 1993. By December of 1993 cracks began to appear in the home. After an inspection by a professional engineer revealed that the home's framing did not meet the requirements of the New York State Uniform Fire Prevention and Building Code (9 NYCRR 600.1 *et seq.*) and that no blueprints had been filed with or approved by the Town's Building Department, the plaintiffs commenced this action. Although the action was commenced within the applicable Statute of Limitations, more than 90 days elapsed between the date of the Town's issuance of a certificate of occupancy and the date of the plaintiffs' service of a notice of claim pursuant to General Municipal Law § 50-e. The plaintiffs subsequently moved, *inter alia,* for leave to serve a late notice of claim. The Town and the defendants George Pav and Meadow Acres Realty Corp. cross-moved to dismiss the complaint insofar as it is asserted against them.

Contrary to the plaintiffs' contention, the Supreme Court properly dismissed the action insofar as it is asserted against the Town since the plaintiffs failed to show the existence of a special relationship between them and the Town (*see, Cuffy v City of New York,* 69 NY2d 255; *see also, Newhook v Hallock,* 215 AD2d 804; *Santacapita v Town of Brookhaven,* 202 AD2d 489; *cf., Garrett v Holiday Inns,* 58 NY2d 253).

The plaintiffs' remaining contentions are without merit or academic. Bracken, J. P., Sullivan, Santucci and Krausman, JJ., concur.