■ JOHN E. NATHAN et al., Respondents-Appellants, v DEL SAVIO FAMILY LIMITED PARTNERSHIP No. 2, Appellant-Respondent, and TOWN OF POUND RIDGE, Respondent. [836 NYS2d 435]—

In an action, inter alia, to recover damages for nuisance and trespass, the defendant Del Savio Family Limited Partnership No. 2 appeals from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated January 25, 2006, as denied those branches of its cross motion which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against it, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the cross motion of the defendant Del Savio Family Limited Partnership No. 2 which was for summary judgment dismissing the third cause of action insofar as asserted against it and

granted the cross motion of the defendant Town of Pound Ridge for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs also appeal from an order of the same court dated June 9, 2006, which denied their motion to vacate the dismissal of the action against the defendant Town of Pound Ridge.

Ordered that the order dated January 25, 2006 is affirmed insofar as appealed and cross-appealed from, and it is further,

Ordered that the order dated June 9, 2006 is affirmed, and it is further,

Ordered that the defendants are awarded one bill of costs.

The Supreme Court properly determined that the defendants established their prima facie entitlement to summary judgment on the plaintiffs' third cause of action alleging fraudulent concealment (*see Urena v New York City Health & Hosps. Corp.*, 35 AD3d 446 [2006]). In response, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also properly determined that the Town of Pound Ridge established its entitlement to summary judgment on the plaintiffs' first, second, and fourth causes of action alleging trespass, nuisance, and negligence (*see Ascrizzi v Kaufman*, 57 AD2d 643, 644 [1977]; *cf. Musumeci v State of New York*, 43 AD2d 288 [1974]). In response, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court correctly determined that, while the defendant Del Savio Family Partnership Limited No. 2 (hereinafter Del Savio) established its prima facie entitlement to summary judgment on the plaintiffs' causes of action alleging trespass, nuisance, and negligence, the plaintiffs raised triable issues of fact regarding whether Del Savio had collected and concentrated surface waters that would have drained elsewhere and discharged them into the plaintiffs' pond (*see Buffalo Sewer Auth. v Town of Cheektowaga*, 20 NY2d 47 [1967]). Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.