■ JERRY D. BAILEY et al., Plaintiffs, and FRANCIS S. ZILKA et al., Appellants, v DANIEL M. CHERNOFF et al., Respondents. [846 NYS2d 462]—

Cardona, P.J. Appeal from a order of the Supreme Court (Williams, J.), entered June 30, 2006 in Saratoga County, which, among other things, partially granted defendants' cross motion for summary judgment and cancelled the notice of lis pendens filed by plaintiffs.

The parties herein are residents of Regatta View, a planned unit development located in the City of Saratoga Springs, Saratoga County. The development was sponsored by Homeland Development Corporation, which sold parcels subject to a filed "Covenants and Declarations of Restrictions," as well as the bylaws of the Regatta View Homeowners Association (hereinafter Association). As relevant herein, during a July 2004 open meeting of the Association's Board of Directors, defendants, owners of a waterfront parcel, applied for permission to build a boathouse on their property. While the development's original covenants and restrictions did not specifically identify boathouses as being prohibited, the Board was unsure whether the application could be granted and indicated that Homeland Development would be contacted about an amendment that would unambiguously permit boathouse structures within the subdivision, subject to architectural review by the Board.* Al-

---

* As background, we note that the original 1997 "Covenants and Declarations of Restrictions" provided that Homeland Development reserved an absolute right to amend the covenants and restrictions, however, that right would expire "at the time the last lot in the subdivision is sold." At that point, a new Board of Directors of the Association would be established by a vote of the current homeowners. Pursuant to its alleged authority under this document, Homeland Development amended the covenants and restrictions in May 1998, June 2000, October 2000, December 2003 and October 2004.

though several homeowners were present at the meeting, no objections were recorded. Thereafter, on October 8, 2004, Homeland Development amended the covenants and restrictions to permit boathouses.

In April 2005, the City of Saratoga Springs approved defendants' request to construct a boathouse and issued a building permit. Defendants began construction in May 2005 and plaintiffs, whose property adjoins defendants' parcel, indicated that they first noticed work being done on the project in June 2005. Thereafter, they consulted legal counsel in late August 2005 to determine the "lawfulness of the subject boathouse." The attorney inspected the boathouse with one of the plaintiffs on August 30, 2005, at which point it "looked to be complete from all outward appearances."

Plaintiffs commenced this action and filed a notice of pendency in November 2005, claiming that the boathouse was erected in violation of the covenants and restrictions because Homeland Development allegedly lacked the authority to, among other things, issue the October 2004 amendment. The complaint set forth two causes of action. The first sought a permanent injunction restraining defendants from "erecting and/or maintaining a boathouse" and the second requested money damages for nuisance. Defendants, whose attempt to sell their home was allegedly thwarted by the commencement of this litigation, asserted several affirmative defenses in their answer along with two counterclaims alleging slander of title and tortious interference with business relations.

Thereafter, plaintiffs moved pursuant to CPLR 3211 (a) (7) to dismiss defendants' counterclaims for failure to state a cause of action. The parties then cross-moved for summary judgment, with defendants seeking the dismissal of the complaint with cancellation of the lis pendens and plaintiffs requesting summary judgment as to their first cause of action. Concluding that defendants' affirmative defense of laches was meritorious, Supreme Court granted defendants' cross motion for summary judgment to the extent of dismissing the first cause of action, cancelling the lis pendens and holding that "the boathouse may remain as is." The court also denied plaintiffs' motions. This appeal by plaintiffs Francis S. Zilka and Suzanna L. Zilka (hereinafter collectively referred to as plaintiffs) followed.

However, in February 2003, prior to the latter two amendments, Homeland Development transferred the last lots in the development, for no consideration, to Regatta View, LLC, an entity with Homeland Development as its sole member. The timing and effect of these transfers form the basis for the parties' underlying dispute over whether amendments to the covenants and restrictions after February 2003 are valid and enforceable.

Initially, we agree with Supreme Court's conclusion that the doctrine of laches bars plaintiffs' request for a permanent injunction. Even assuming that plaintiffs are correct in contending that the amendment to the development's covenants and restrictions to permit boathouses was improper, restrictive covenants "will not be enforced in inequitable circumstances, such as . . . where the party seeking enforcement is guilty of laches" (*Meadow Run Dev. Corp. v Atlantic Ref. & Mktg. Corp.*, 155 AD2d 752, 754 [1989] [citation omitted]). Notably, in order to succeed on a defense of laches, a party must demonstrate: "(1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant" (*Matter of Kuhn v Town of Johnstown*, 248 AD2d 828, 830 [1998] [internal quotation marks and citation omitted]).

Here, Supreme Court properly found that defendants met this test. Clearly the construction of the boathouse by defendants which gave rise to the subject lawsuit met the first part of the test. As for the second part, the record shows, among other things, that, during the July 2004 open meeting of the Board, all homeowners in the development were given notice of defendants' intention to build a boathouse on their property. In addition, plaintiffs were admittedly on notice after construction of the boathouse began, yet did not seek a preliminary injunction and, instead, waited until after construction was completed to commence this action. With respect to the third part of the test, the record supports defendants' assertion that they were unaware that plaintiffs intended to commence a suit against them because they never received any objection or complaint from them prior to, during or upon completion of construction of the boathouse. Regarding the final requirement that there be a demonstration of injury due to the delay, defendants, who apparently went through the proper channels to have the construction approved, showed that they would be severely prejudiced if forced to tear down the boathouse after allegedly expending approximately $125,000 for its construction.

Although plaintiffs maintain that their delay was minimal, "[b]ecause the effect of delay on the adverse party may be crucial, delays of even under a year [may be] sufficient to establish laches" (*Matter of Schulz v State of New York*, 81 NY2d 336, 348 [1993]). Here, given the highly prejudicial effect of

plaintiffs' neglect in promptly asserting their claim (*see Matter of Save The Pine Bush v New York State Dept. of Envtl. Conservation*, 289 AD2d 636, 638 [2001], *lv denied* 97 NY2d 611 [2002]), we conclude, under the particular circumstances herein, that Supreme Court properly dismissed plaintiffs' claim for a permanent injunction.

Finally, we are unpersuaded by plaintiffs' contention that Supreme Court erred in declining to dismiss defendants' counterclaims. Notably, when ruling on a motion to dismiss a claim for failure to state a cause of action, the court "must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory" (*Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004] [internal quotation marks and citation omitted]; *see Herron v Essex Ins. Co.*, 34 AD3d 913, 915 [2006], *lv dismissed* 8 NY3d 856 [2007]). Here, while defendants' showing in support of the counterclaims was not extensive, their allegations were sufficient to state cognizable claims in slander of title and tortious interference with business relations.

Plaintiffs' remaining arguments have been examined and found to be unpersuasive.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.