■ VERA S. BELL, Respondent, v VILLAGE OF STAMFORD, Appellant. [857 NYS2d 804]—

Lahtinen, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered November 21, 2007 in Delaware County, which denied defendant's motion to dismiss the complaint.

Plaintiff owns and resides in a building in the Village of Stamford, Delaware County. She alleges that Core Values, Inc.

constructed a building and parking area on three vacant lots it owned across the street from her building without obtaining "a building permit, a variance or any other permission to proceed" from defendant and that, after informing it of the unauthorized activities, defendant failed to take any action to stop the construction. On this basis, she commenced this action against defendant claiming negligence and breach of contract. Thereafter, contending that plaintiff failed to allege sufficient facts to establish the requisite special relationship between it and plaintiff, defendant moved, in lieu of answering, to dismiss the complaint for failure to state a cause of action. Supreme Court denied the motion and defendant now appeals.

Affording the complaint a liberal construction and construing all inferences in her favor (*see Bailey v Chernoff*, 45 AD3d 1113, 1116 [2007]; *Rickson v Town of Schuyler Falls*, 263 AD2d 863, 864 [1999]), we find that plaintiff has failed to state a cause of action and her complaint must be dismissed. "[I]t has long been the rule in this State that, in the absence of some special relationship creating a duty to exercise care for the benefit of particular individuals, liability may not be imposed on a municipality for failure to enforce a statute or regulation" (*O'Connor v City of New York*, 58 NY2d 184, 192 [1983]; *see Sanchez v Village of Liberty*, 42 NY2d 876, 877-878 [1977]; *Newhook v Hallock*, 215 AD2d 804, 805 [1995]). A special relationship may arise in three ways: "(1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*Pelaez v Seide*, 2 NY3d 186, 199-200 [2004]; *see Garrett v Holiday Inns*, 58 NY2d 253, 261-262 [1983]; *Cooper v State of New York*, 13 AD3d 867, 868 [2004]). Plaintiff has failed to allege any facts which either directly or inferentially could be construed as sufficient to state cognizable claims under any of these three theories.

Regarding the first avenue, contrary to Supreme Court's conclusion, the adoption of zoning ordinances and building codes by a municipality does not create a special relationship with its residents. Ordinances and codes enacted for the benefit of the general public do not, without more, give rise to a special relationship between a municipality and an individual (*see O'Connor v City of New York*, 58 NY2d at 189-191; *Sanchez v Village of Liberty*, 42 NY2d at 877-878; *Mahoney v Town of Santa Clara*, 89 AD2d 718, 719 [1982], *affd* 58 NY2d 661 [1982]; *Garrett v*

*Town of Greece,* 78 AD2d 773, 774 [1980], *affd* 55 NY2d 774 [1981]; *see also Major v Waverly & Ogden,* 7 NY2d 332, 335 [1960]; *Newhook v Hallock,* 215 AD2d at 805; *Johns v Village of Potsdam,* 92 AD2d 660, 660-661 [1983]). Plaintiff also alleges no affirmative conduct on the part of defendant which may have induced plaintiff's reliance and given rise to a special relationship under the second scenario. Instead, she claims only that she informed defendant of the unauthorized conduct on numerous occasions and that defendant failed to act. However, without some affirmative conduct on the part of defendant by which it voluntarily assumed a duty, plaintiff's allegations are insufficient (*see Pelaez v Seide,* 2 NY3d at 202; *compare Bargy v Sienkiewicz,* 207 AD2d 606, 609 [1994]). As to the third avenue, while plaintiff alleges that "[d]ue to [the mayor's] ownership interest in Core Values, Inc., defendant itself had a proprietary interest in Core Values, Inc.," she offers no further factual allegations to support this claim, and such a purely speculative and conclusory assertion is insufficient to state a cause of action (*see Lockheed Martin Corp. v Aatlas Commerce, Inc.,* 283 AD2d 801, 804 [2001]; *Kovach v Hinchey,* 276 AD2d 942, 943-944 [2000]).

Furthermore, we find that the complaint also fails to state a cause of action premised upon an "implied and statutory contract between plaintiff and defendant" (*see generally Maas v Cornell Univ.,* 94 NY2d 87 [1999]) and, therefore, we dismiss the complaint in its entirety.

Peters, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed.