■ JOHN FERREIRA et al., Respondents, v CELLCO PARTNERSHIP, Doing Business as VERIZON WIRELESS, Defendant, and INCORPORATED VILLAGE OF GARDEN CITY, Appellant. [976 NYS2d 488]—

In an action, inter alia, to recover damages for personal injuries, the defendant Incorporated Village of Garden City appeals from an order of the Supreme Court, Nassau County (Bruno, J.), dated September 17, 2012, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Incorporated Village of Garden City pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is granted.

The plaintiffs own houses located on parcels of property adjacent to or near a facility owned and operated by the defendant Cellco Partnership, doing business as Verizon Wireless (hereinafter Verizon). The Verizon facility is located within the defendant Incorporated Village of Garden City. The plaintiffs allege that, beginning in December 2009, they were exposed to "noise, smoke and odor" emanating from machinery that Verizon installed on the roof of an extension to its facility, and that such exposure "constitute[d] a health hazard." In October 2010, the plaintiffs commenced this action against Verizon and the Village seeking, inter alia, to recover damages for personal injuries. With respect to Village, the complaint, which was subsequently amended, alleged that the Village was negligent in failing to "uphold and enforce the rules and regulations and building codes of the County of Nassau, the Town of Hempstead, and the . . . Village." The Supreme Court denied the Village's motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it for failure to state a cause of action. The Village appeals.

When considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), "the court will 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "[A]ffidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]). Here, the amended complaint, even as supplemented by certain affidavits that the plaintiffs submitted in opposition to the motion to dismiss, did not adequately plead a legally cognizable cause of action against the Village.

"[I]t has long been the rule in this State that, in the absence of some special relationship creating a duty to exercise care for the benefit of particular individuals, liability may not be imposed on a municipality for failure to enforce a statute or regulation" (*O'Connor v City of New York*, 58 NY2d 184, 192 [1983]; *see Metz v State of New York*, 20 NY3d 175 [2012]; *Bell v Village of Stamford*, 51 AD3d 1263 [2008]). A special relationship can be formed in three ways: (1) when the municipality

violates a statutory duty enacted for the benefit of a particular class of persons; (2) when the municipality voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known blatant and dangerous safety violation (*see Pelaez v Seide*, 2 NY3d 186, 199 [2004]; *Bell v Village of Stamford*, 51 AD3d at 1264).

"To form a special relationship through breach of a statutory duty, the governing statute must authorize a private right of action" (*Pelaez v Seide*, 2 NY3d at 200; *see Lauer v City of New York*, 95 NY2d 95, 100 [2000]). Here, the plaintiffs have not alleged, or provided any authority establishing, that the unspecified "noise, odor and building code" ordinances of the Village, or of the Town of Hempstead or the County of Nassau, create a private right of action in favor of persons who may be protected by or subject to such ordinances. Therefore, even if the Village failed to properly enforce its own codes and regulations, such failure, in and of itself, does not establish the requisite special relationship (*see Abraham v City of New York*, 39 AD3d 21, 25-26 [2007]).

With respect to the creation of a special relationship by the municipality's voluntary assumption of a duty and the plaintiffs' justifiable reliance on the municipality's undertaking, four criteria must be shown: " '(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking' " (*Valdez v City of New York*, 18 NY3d 69, 80 [2011], quoting *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *see Pelaez v Seide*, 2 NY3d at 202; *Laratro v City of New York*, 8 NY3d 79 [2006]; *Kovit v Estate of Hallums*, 4 NY3d 499, 506-507 [2005]). Here, even as supplemented by the plaintiffs' affidavits, the amended complaint does not allege that the Village had knowledge that inaction on its part could lead to harm (*see Kovit v Estate of Hallums*, 4 NY3d at 507-508; *Abraham v City of New York*, 39 AD3d at 27). Indeed, there is nothing in the complaint, even as amplified and supplemented by the affidavits submitted by the plaintiffs, to show that the "problems" allegedly created by Verizon were anything more than a substantial annoyance to the plaintiffs. In this same regard, we note that the amended complaint, even as supplemented by the affidavits, does not allege that the Village assumed "positive direction and control in

the face of a known, blatant and dangerous safety violation" (*Pelaez v Seide*, 2 NY3d at 199-200; *see Bell v Village of Stamford*, 51 AD3d at 1264).

Nor have the plaintiffs alleged justifiable reliance. "[R]eliance must be examined in the specific context of the nature of the affirmative duty undertaken[,]" and "[i]t is the plaintiffs' burden to show that the defendants' conduct actually lulled them into a false sense of security, induced them to . . . forego other avenues of protection, and thereby placed themselves in a worse position than they would have been had the defendants never assumed the duty" (*Conde v City of New York*, 24 AD3d 595, 597 [2005]; *see Mollerson v City of New York*, 8 AD3d 70, 72 [2004]). In the case at bar, the plaintiffs did not plead that they detrimentally failed to pursue other avenues of redress in reliance on the alleged promise of the Village to address the situation.

Accordingly, the facts alleged by the plaintiffs do not constitute the "special relationship" necessary to maintain this action insofar as asserted against the Village. Thus, the Supreme Court should have granted the Village's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action (*see Bell v Village of Stamford*, 51 AD3d at 1264). Austin, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.