Rosario v Town of Mount Kisco

2026 NY Slip Op 02685

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ramona J. Rosario, etc., appellant,

v

Town of Mount Kisco, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2021-00965, (Index No. 54017/20)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Lillian Wan

Laurence L. Love, JJ.

Harriton & Furrer, LLP, Armonk, NY (Kimberly A. Sanford of counsel), for appellant.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated January 4, 2021. The order granted the motion of the defendants Town of Mount Kisco and Village of Mount Kisco pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.

ORDERED that the order is affirmed, with costs.

In January 2016, the plaintiff's adult son (hereinafter the decedent) died in a fire in a rented basement apartment that, among other deficiencies, lacked an emergency exit, smoke detectors, or a building permit for the basement's conversion to an apartment. The plaintiff, individually and as the administrator of the decedent's estate, commenced this action against, among others, the Town of Mount Kisco and the Village of Mount Kisco (hereinafter together Mount Kisco), asserting causes of action, inter alia, to recover damages for wrongful death, fraud, and civil conspiracy to commit fraud. The complaint alleged, among other things, that Mount Kisco negligently failed to enforce applicable housing regulations. Mount Kisco moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted Mount Kisco's motion. The plaintiff appeals.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in a complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141). Nonetheless, allegations "consisting of bare legal conclusions with no factual specificity . . . are insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 141).

"[I]t has long been the rule in this State that, in the absence of some special relationship creating a duty to exercise care for the benefit of particular individuals, liability may not be imposed on a municipality for failure to enforce a statute or regulation" (O'Connor v City of New York, 58 NY2d 184, 192; see Metz v State of New York, 20 NY3d 175, 180). "The core principle is that to sustain liability against a municipality, the duty breached must be more than that owed the public generally" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 426 [internal quotation marks [*2]omitted]). "A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (Pelaez v Seide, 2 NY3d 186, 199-200; see Applewhite v Accuhealth, Inc., 21 NY3d at 426).

"To form a special relationship through breach of a statutory duty, the governing statute must authorize a private right of action" (Pelaez v Seide, 2 NY3d at 200). Here, the plaintiff's bare legal conclusions fail to sufficiently establish a private right of action under any of the relied upon statutes or regulations. Nor has she provided any authority that would support a finding of a private right of action (see O'Connor v City of New York, 58 NY2d at 189-192; WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1021; Ferreira v Cellco Partnership, 111 AD3d 777, 779). Further, the plaintiff has not alleged sufficient facts that would establish that Mount Kisco voluntarily assumed a duty that generated justifiable reliance by the plaintiff or the decedent or that Mount Kisco assumed positive direction and control in the face of a known blatant and dangerous safety violation (see Cockburn v City of New York, 129 AD3d 895, 897; Ferreira v Cellco Partnership, 111 AD3d at 779-780). Accordingly, the facts alleged by the plaintiff do not constitute the "special relationship" necessary to maintain a negligence cause of action against Mount Kisco.

In addition, neither the allegations in the complaint nor the surrounding circumstances are sufficient to allege a fraud by Mount Kisco (see generally Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559) or that Mount Kisco participated in a conspiracy with respect to a fraud committed by others (see Mohammad v Rehman, 236 AD3d 892, 894; B & H Flooring, LLC v Folger, 228 AD3d 809, 812).

In light of our determination, we need not reach the parties' remaining contentions.

BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court